Filed February 21, 1896.

---

No. 1,818.

## Estey et al. *v.* Barnes et al.

PLEADING.—*Plea in Abatement.—When Available.*—Pleas in abatement must be filed at the earliest opportunity, and will not avail if filed with or after pleas in bar have been filed, as the provisions of section 368, R. S. 1894, to that effect are imperative.

SAME.—*Answer.—When Demurrable.— Garnishment.— Fraud.— Insurance.*—A paragraph of an answer by garnishing creditors of an insured, made parties upon their petition in an action on the policy by the assignee of the claim thereunder, under an assignment ante-

dating the garnishment, is demurrable where it merely alleges that the assignment was fraudulent and without consideration as to creditors, and asks that the cause be dismissed, but does not seek a judgment against the assignor.

From the La Porte Circuit Court.

*M. I. Beck* and *J. F. Gallaher*, for appellants.

*H. B. Tuthill*, for appellees.

Ross, J.—This was an action upon a policy of fire insurance brought by the appellee, Lucy A. Barnes, against her co-appellees, the Fireman's Fund Insurance Company and Albert O. Barnes. The appellants, Julius Estey, Isaac N. Camp, and Levi K. Fuller, composing the firm of Estey and Camp, were made parties defendant upon their own petition.

It appears from the allegations of the complaint that on the 18th day of December, 1893, the Fireman's Fund Insurance company issued to Albert O. Barnes, who was the husband of Lucy A. Barnes, a policy of insurance for $1,200 on a stock of pianos, organs, sewing machines, etc., belonging to him and situated in Michigan City, Indiana; that on the 1st day of April, 1894, the property insured was destroyed by fire; that notice of the fire was duly given to the company, proofs of loss made and the amount of the loss agreed upon as $750.00; that the company never disputed its liability for the loss under the policy, and that the insured performed all of the conditions on his part to be performed in accordance with the terms of the policy; that after the loss occurred, and after the adjustment of the same, by the agreement of the insured and the company as to the amount thereof, said Albert O. Barnes, for a valuable consideration paid to him by said Lucy A. Barnes, assigned to her all of his right, title, and interest in the money due and to become due him by reason of said

loss, from said insurance company; that she is the owner of said claim and the proceeds thereof; that the insurance company had notice of the transfer, and that the amount agreed upon on account of said loss is due and unpaid. . Copies of the policy of insurance and of the assignment from Albert O. Barnes to the plaintiff are made exhibits to the complaint.

The appellants filed an answer to the complaint, the first paragraph of which was a general denial, and the second paragraph set up special matter. A demurrer was sustained to the second paragraph of the answer, and the correctness of that ruling is the only question presented on this appeal.

The second paragraph of the answer filed by the appellants reads as follows, viz:

"And for a further and second answer to the complaint of the plaintiff the defendants, Julius Estey, Isaac N. Camp and Levi K. Fuller, allege that they are residents of the city of Chicago, in the State of Illinois, and together compose the firm of Estey and Camp, dealers in pianos and organs in said city of Chicago, Illinois; that the plaintiff in the above entitled action, Lucy A. Barnes, is the wife of the defendant Albert O. Barnes, to whom the policy sued on in this action was issued; that the said policy of insurance was issued to the said Albert O. Barnes on the 18th of December, 1893, by the Fireman's Fund Insurance Company of San Francisco, California, covering $1,200.00 on his stock of pianos, organs, sewing machines, etc., while contained in his building, Nos. 513 and 515 Franklin street, at Michigan City, Indiana, and that afterwards said property so covered was destroyed by fire, on or about the 4th day of April, 1894, and that the amount of said loss was adjusted between the said Albert O. Barnes and the said company, and agreed on at $713.97,

and that the said Barnes made due proof of loss, and presented the same to the said company, claiming the sum of $713.97 ; that the said Albert O. Barnes was, at the time of the above mentioned loss and making of proof, indebted to the firm of Estey & Camp, composed of these defendants, in the sum of $743.31, which amount is still due and wholly unpaid ; that on the 26th day of May, 1894, after the proof of loss, but before the amount of said loss became due and payable by the terms of said policy, these defendants commenced an action against the said Albert O. Barnes for the amount owing to them from him, as above set forth in the circuit court of Cook county, Illinois, and caused a writ of attachment and garnishee summons to be issued from said court, which was duly served upon the said Fireman's Fund Insurance Company, commanding it to answer to the said court, of all moneys due or owing, or which might thereafter become due or owing from it, the said company, to the said Albert O. Barnes, and to hold said moneys until further order of said court, which said suit is still pending and undetermined, and these defendants further allege that the moneys due under said policy of insurance on account of said loss by fire, are due from the said fire insurance company to the said Albert O. Barnes and not to the plaintiff herein, Lucy A. Barnes, and that no valid or legal assignment was ever made by the said Albert O. Barnes, to this plaintiff, Lucy A. Barnes, of the said policy of the insurance, or of his claims under the said policy, prior to the service of the garnishee summons upon the said insurance company or at any other time ; that said pretended assignment of said policy and said claim by said Albert O. Barnes, to this plaintiff, his wife, Lucy A. Barnes, was made in collusion with said plaintiff for the fraudulent

purpose of defeating the creditors of the said Albert O. Barnes, and of preventing the collection of the said amount due from him to these defendants, composing the firm of Estey & Camp, and that said pretended assignment is wholly illegal and void, and without any valid consideration whatever, and that the said property so assigned by the said Albert O. Barnes was all and the only property owned by the said Barnes at the time of said assignment, and that at the time of said assignment the said Albert O. Barnes was bankrupt and execution proof except for his interest in the said insurance policy, and has so remained from thence up to the present time, and did not have at the time of the assignment hereinbefore mentioned, and has not had from that time up to the present time, and has not now any other property from which the claims of these defendants could be paid and satisfied.

" Wherefore these defendants pray that the cause of the plaintiff may be dismissed, and that they have judgment for their costs in this behalf laid out and expended, and for all other and proper relief."

Counsel for appellant in a brief of many pages have presented many legal propositions which in themselves are apparently well settled, and if applicable in any way to the questions presented by this ruling on the demurrer to the answer would in all probability be controlling, but the court is at a loss to see their application here. In fact, after carefully reading and re-reading appellant's brief, we still are unable to see upon what theory the answer proceeds, whether in abatement or in bar; whether in the nature of a cross-action on a contract to recover a judgment against the appellee Albert O. Barnes, or to set aside the transfer by him to his wife, Lucy A. Barnes, of his rights and interests under the policy of insurance sued upon.

If its purpose were to abate this action until the final disposition of that action brought by the appellants, in Chicago, against the appellees Albert O. Barnes and The Fireman's Fund Insurance Company, there was no error in sustaining a demurrer to it, if for no other reason because it came too late. Dilatory pleas must precede the filing of pleas in bar.

"An answer in abatement must precede, and cannot· be pleaded with an answer in bar, and the issue thereon must be tried first and separately. If the issue be found against the answer, the judgment must be that the party plead over and against him for all costs of the action up to that time." Section 365, R. S. 1881 (section 368, Burns R. S. 1894).

The holdings are that the statute is imperative, and that such pleas must be filed at the earliest opportunity, and will not avail if filed with or after pleas in bar have been filed. *Field* v. *Malone,* 102 Ind. 251 ; *Glidden* v. *Henry,* 104 Ind. 278 ; *Watts, Tr.,* v. *Sweeney,* 127 Ind. 116.

As a plea in bar, it does not deny the existence of the debt, or the plaintiff's right to recover, but simply charges that the title or right to the claim was vested in her for a fraudulent purpose. This is no defense to the action.

If, considered as a cross-complaint, it proceeds upon the theory that the defendant Albert O. Barnes was indebted to the cross-complainants in a certain sum, and that by a proceeding as in garnishment in the State of Illinois, they garnisheed in the hands of the insurance company whatever sum was due from it to said Albert O. Barnes. There is the further allegation that the transfer of the claim by him to his wife, Lucy A. Barnes, was without consideration, and made for the

purpose of delaying, cheating and defrauding his creditors.

It is well settled that in an action by a creditor against a debtor on a claim note or other obligation, the plaintiff may join in his complaint such other matters as are necessary for a complete remedy and speedy satisfaction of his judgment.   *Bowen* v. *State, ex rel.*, 121 .Ind. 235, and cases cited.

But the joining of such other ·matters, for instance if it be to set aside a conveyance or disposition of property as fraudulent, the matter thus joined is simply an incident to the main action.   The action against the principal defendant upon the obligation is the basis of the proceeding and the matters joined with it to insure a speedy satisfaction of the judgment, in the event one is rendered, are but an incident thereto.

The appellees in their plea do not seek a judgment against their debtor, Albert O. Barnes.   Without a judgment against him they are not in a position to assert a claim to or against the property or rights conveyed by him to his wife.

There was no error in sustaining the demurrer to the second paragraph of the answer of the appellants.

Judgment affirmed.

Filed February 21, 1896.