# Northwestern Transit, Inc. *v.* Wagner.

[No. 28,100.   Filed June 15, 1945.]

448

*Walter C. Williams,* of Michigan City, and *Paul M. Butler,* of South Bend, for appellant.

*James P. Gleason* and *George A. Pawloski,* both of Michigan City, and *Michael R. Fansler,* of Indianapolis, for appellee.

YOUNG, J.—Appellee brought this action against appellant to recover for injuries sustained in a collision between appellee's Ford truck and appellant's Dodge tractor-trailer unit. The collision occurred shortly after midnight, November 8, 1943, in LaPorte County, Indiana, on U. S. Highway No. 20 which is a concrete pavement about 40 feet wide, divided into four lanes, and runs east and west.

Appellee's tractor and trailer had been proceeding east on said Highway No. 20 and stopped because of tire trouble and was standing facing east in the south lane of said highway. Appellee was traveling east on said highway and collided with the rear end of appellant's trailer.

Appellee filed suit against appellant and charged appellant with negligence in stopping and leaving his tractor and trailer upon the pavement without proper

lights and without placing the proper signals on the highway to warn traffic of danger.

A jury returned a verdict in favor of appellee for $2,500.00, and judgment was rendered thereon. Appellant's motion for a new trial alleged (1) that the evidence was insufficient; (2) that the verdict was contrary to law, and (3) that the damages assessed were excessive.

Appellee contends that the appellant has not substantially complied with Rule 2-17 (f) of this court in the preparation of its brief and therefore is not entitled to have grounds 1 and 2 of its motion for a new trial considered.

Appellant's only assignment of error is the overruling of the motion for new trial, and in its brief, as Proposition I, it has set out this assigned error. Then as Point 1, it says the verdict is not sustained by sufficient evidence in certain particulars. Then follow unnumbered and unlettered statements of law, which are in large part quotations from decided cases. Appellant did not apply these statements of law specifically to the point under which they appear, but they follow the point and appellant's intent that they shall apply to the point which they follow is clear. In its points and authorities, appellant in substance says that there is no substantial evidence that defendant was guilty of negligence and that the evidence shows contributory negligence but, under its points and authorities, it does not set out the evidence upon which it relies and does not refer to any such evidence by line and page of the transcript. This would be helpful to the court but does not seem to be required by the rules. The brief, however, at the proper place under the rules, contains a full narrative statement of the evidence, with frequent references to line and page of the transcript. The brief contains an index showing

where in the brief the examination of each witness may be found. As Point 2, appellant says the verdict is contrary to law and handles Point 2 largely by reference to Point 1.

We think the appellant has made a good-faith effort to comply with the rules and that each of its ■ contentions should be decided by this court upon its merits.

The principal negligence charged against the appellant was the failure of appellant's driver to place lighted flares or pot torches to warn traffic approaching from the rear.

A statute of Indiana provides that when a truck, tractor or trailer is disabled on the traveled portion of any highway the driver shall immediately place a lighted fusee on the roadway at the traffic side of the vehicle in trouble, and then within the burning period of the fusee shall place three lighted flares or pot torches on the roadway, one at a distance of not less than 100 feet in advance of the crippled vehicle and one at a distance of not less than 100 feet to the rear of the crippled vehicle and one at the traffic side of the crippled vehicle. § 47-2237, Burns' 1933.

It was not controverted that appellant's truck had been standing in the highway for an hour and a half before the collision here involved occurred, and ■■ there was testimony that no fusee was burning at the time of the accident, and that no flare or pot torch had been placed either ahead of or in the rear of appellant's crippled truck, and that the pot torch placed at the side of the truck was so located that it was screened and hidden from the view of traffic approaching from the rear by a spare tire which was leaning against the side of the truck. We cannot say there was

no substantial evidence from which the jury might have believed defendant failed to place pot torches as required by statute, and such failure would be negligence *per se.* *Winder & Son, Inc.* v. *Blaine* (1940), 218 Ind. 68, 71, 29 N. E. (2d) 987.

The question of appellee's contributory negligence is more difficult. Appellee himself testified that he had good brakes and good lights. He said the beams from his headlights hit the pavement 50 or 60 feet ahead and cast light much farther ahead. No definite distance beyond 60 feet was given. The burden was on appellant to prove contributory negligence of appellee, and in the absence of proof we must assume that appellee's lights were adequate and complied with the applicable statute. *Cushman Motor Delivery Co.* v. *McCabe, Admr.* (1941), 219 Ind. 156, 169, 36 N. E. (2d) 769. The road was straight for at least a half mile, and there was no hill or other obstruction to his view ahead, but he did not see the parked trailer until he was about 10 feet away from it. He had been driving at a rate of 30 or 35 miles an hour. He gave no excuse for his failure sooner to observe the parked trailer.

In determining this question, we may not ignore the law laid down in earlier cases in this court. This court has held that a driver on a highway has a right to presume that there will be no truck stalled in the highway ahead of him without lights and without warning flares as required by statute. *Winder & Son, Inc.* v. *Blaine* (1940), 218 Ind. 68, 72, 29 N. E. (2d) 987; *Cushman Motor Delivery Co.* v. *McCabe, Admr.* (1941), 219 Ind. 156, 170, 36 N. E. (2d) 769; *Opple* v. *Ray* (1935), 208 Ind. 450, 460, 195 N. E. 81.

It has been held that an instruction to the effect that there is a duty upon a driver on a highway to be con-

stantly on the lookout for other vehicles using the highway is erroneous; and that the duty of a driver is to use the care which an ordinarily prudent person would exercise in a like circumstance; and that it is for the jury to determine whether this care requires a constant lookout or something else in the circumstances shown by the evidence. *Martin* v. *Lilly* (1918), 188 Ind. 139, 144; *Opple* v. *Ray* (1935), 208 Ind. 450, 459, 195 N. E. 81.

It is also well established that contributory negligence is ordinarily a question of fact for the jury, and it is only in cases where the facts are undisputed and only a single inference can be drawn therefrom that this court can say, as a matter of law, that a certain course of conduct does or does not constitute contributory negligence. *Cushman Motor Delivery Co.* v. *McCabe* (1941), 219 Ind. 156, 174, 36 N. E. (2d) 769; *Schlarb* v. *Henderson* (1936), 211 Ind. 1, 7, 4 N. E. (2d) 205.

The case of *Cushman* v. *McCabe, Admr., supra,* was decided on the theory that there were no lights on the rear of defendant's truck and that its color was such as to make it difficult to see on a dark night. After stating these facts, the court used the following language on page 170:

"As decedent drove along that busy highway after night, he had a right to presume that there was no unlighted truck obstructing the highway. We cannot say, as a matter of law, that the failure of the decedent to see the truck and to stop his automobile in time to avoid a collision amounted to contributory negligence."

In the case before us, there was evidence that there were no warning flares out to the rear of appellant's

trailer as required by statute; and that defendant's trailer was painted a battleship gray, which is a color difficult to see in bad weather or in the dark; and that it had no doors in the rear, but had a tarpaulin thrown over its load; and that the night was dark with no moonlight or starlight; and that it was raining or drizzling and the pavement was wet. It is a matter of common knowledge that rain on a highway and rain on a windshield is confusing to a driver and reduces visibility.

This court will not weigh the evidence. We may look only to that evidence, and the reasonable inferences therefrom, most favorable to appellee. We must also consider the rules heretofore established by this court that there is no duty of keeping a constant lookout and that appellee could assume that there would be no unlighted truck on the highway ahead of him without the signal flares required by statute. We must also take into account the general rule that contributory negligence is for the jury unless all the facts are undisputed and only one reasonable inference may be drawn therefrom. Doing all this we are unable to say that appellee, as a matter of law, was guilty of contributory negligence.

Appellant's third ground of attack is that the verdict of the jury was excessive. It appears from the evidence, however, that appellee was 21 years of age at the time of the accident. His earnings were in excess of $20.00 per week. Immediately after the accident he was taken to a hospital in Michigan City. He had a cut on his chin, which required four stitches; he had a double fracture of the fibula and his right leg was placed in a cast; he had a sore chest and his knees were cut; he suffered pain and was confined to the hospital for eight days. When he left the hospital he walked on

crutches. He used these about a month and was able to return to work about two months after leaving the hospital. At the time of the trial he testified his leg still bothered him when he walked up and down stairs or if he did any lifting. It bothered him in his work driving a truck, and there was testimony that the right fibula was out of line and would permanently handicap appellee. His medical and hospital expense was in excess of $200.00.

This court will not interfere with a verdict on the ground that it is excessive unless it is so large as to induce a belief that it was a result of prejudice, partiality or corruption. *Swallow Coach Lines, Inc.* v. *Cosgrove* (1938), 214 Ind. 532, 537, 15 N. E. (2d) 92. The evidence in this case does not induce such belief and we will not disturb the verdict on account of its size.

The judgment is affirmed.

Note—Reported in 61 N. E. (2d) 591.