ASSOCIATED TRUCK LINES, INC. *v.* IRMA R. VELTHOUSE, ADMX.

[No. 28,496. Filed February 18, 1949.
Rehearing denied March 21, 1949.]

140

142

*Draper & Eichhorn*, of Gary, and *Ray A. Pillard*, of Valparaiso, and *Owen S. Boling*, of Indianapolis, for appellant.

*Galvin, Galvin & Leeney*, of Hammond, for appellee.

GILKISON, J.—On March 8, 1944, appellee, as administratrix of the estate of Clarence W. Meyers, deceased, filed her suit in the Lake Circuit Court seeking a judgment for damages against appellant for the alleged wrongful death of her decedent, which occurred in the City of Gary, Lake County, Indiana, on November 12, 1942, about 5:30 o'clock in the morning. Appellant is a Michigan corporation, with its principal office at 108 Market Avenue, South West, Grand Rapids.

Prior to the date of the injury mentioned and at the time appellant was granted a certificate of convenience

and necessity by the Indiana authorities to operate motor vehicles in interstate commerce over certain Indiana highways, including Highway No. 12 upon which the injury complained of occurred, agreeable with Burns' 1940 Replacement, § 47-1214 et seq., it also filed in writing with the Public Service Commission of Indiana the name of Willard J. Murphy as its designated agent for service of summons, giving his address as 317 South LaSalle Street, South Bend, Indiana, agreeable with § 25-306, Burns' 1948 Replacement, but prior to the beginning of this action, Murphy removed his residence from Indiana and has not since returned. Apparently appellant never at any time designated in writing with the Public Service Commission or elsewhere, another person as its agent for service of summons or other process, after its designated agent, Murphy, left the state of Indiana, as required by §§ 25-305 Cl. 7, 25-307 Cl. 12, Burns' 1948 Replacement, and it had no such designated agent when this action was filed.

When the complaint was filed a proper summons was issued by the clerk of the Lake Circuit Court for appellant, to be served upon Willard J. Murphy, 317 LaSalle Street, South Bend, Indiana, Resident Agent, and sent to the Sheriff of St. Joseph County for service and return. It was duly returned March 10, 1944, "not found" by the St. Joseph County Sheriff. On March 17, 1944, a proper alias summons was issued to the Sheriff of Marion County, to be served upon the Secretary of State of Indiana, agreeable with § 47-1043, Burns' 1940 Replacement, § 25-316, Burns' 1948 Replacement, returnable April 24, 1944. It was returned served by leaving a true copy with Rue J. Alexander, Secretary of State of Indiana, in his office on March 18, 1944. A copy of this summons was sent appellant by the Secretary of State on March 24, 1944, and was duly received by it.

On January 2, 1945, appellant filed a plea in abatement appearing specially as shown by the record. Thereafter, again appearing specially, it was permitted to file an amended plea in abatement March 26, 1945, and again appearing specially, it filed a supplemental plea in abatement July 13, 1945. The plea in abatement was put at issue by a statutory answer. Evidence was heard by the court, and the plea was overruled. This ruling is questioned by appellant.

Appellee contends that appellant entered a general appearance on April 12, 1944. On this matter the record, purporting absolute verity, contains a formal entry as follows: "Come now Draper and Eichhorn, attorneys, and appear for Associated Truck Lines, Inc., defendant in the above styled action."

Section 2-803, Burns' 1946 Replacement [Acts 1881 (Spec. Sess.) Ch. 38, § 56, p. 240] among other things provides as follows:

"The summons shall be served, either personally on the defendant, or by leaving a copy thereof at his usual or last place of residence. An acknowledgement on the back of the process, *or the voluntary appearance of a defendant, is equivalent to service...*" (Our italics.)

Prior to the enactment of this statute this court held "the defendant's appearance to the action, by his attorneys, prevents him from making any objections relative to the process." *Eldridge* v. *Folwell and Another* (1883), 3 Blackf. 207, 208; *Shirley* v. *Hagar* (1883), 3 Blackf. 225, 226; *Secrest and Another* v. *Arnett* (1840), 5 Blackf. 366. This rule has continued to prevail under the code. *Womack* v. *McAhren and Wife* (1857), 9 Ind. 6; *Bush* v. *Bush et al.* (1874), 46 Ind. 70, 83; *Slauter* v. *Hollowell* (1883), 90 Ind. 286, 287; *Kinser et al.* v. *Dewitt* (1893), 7 Ind. App. 597, 599, 34 N. E. 1014;

*Jefferson Pk. R. Corp.* v. *Kelley, Glover & Vale* (1938), 105 Ind. App. 313, 320, 12 N. E. 2d 977; *American Mut. Life Ins. Co.* v. *Mason* (1902), 159 Ind. 15, 19, 64 N. E. 525; *Crabb* v. *Orth* (1892), 133 Ind. 11, 12, 32 N. E. 711; *McCormack* v. *The First National Bank of Greensburgh et al.* (1876), 53 Ind. 466, 470; *Willman* v. *Willman et al.* (1877), 57 Ind. 500, 504; *Rumas* v. *First Calumet Trust & S. Bank* (1936), 210 Ind. 464, 467, 4 N. E. 2d 179; *Slinkard* v. *Hunter* (1936), 209 Ind. 475, 480, 199 N. E. 560; *Bishop* v. *International Sugar Feed Co.* (1928), 87 Ind. App. 509, 510, 162 N. E. 71; 6 C. J. S., Appearances, §§ 13, 14, 15, 17, pp. 42, 44, 45, 47; 3 Am. Jur., Appearances, § 10, p. 787; *Harvey* v. *Rodger* (1924), 84 Ind. App. 409, 419, 143 N. E. 8. See also *The Commercial Railroad Bank of Vicksburg* v. *Slocomb et al.* (1840), 14 Peters (U. S.) 60, 10 L. Ed. 354, 356.

This court has also held that "the appearance by an attorney, although unauthorized, is binding upon the party until set aside." *Bush* v. *Bush, supra,* p. 83; *Floyd Co. Agricult'l. and Mech'l. Association* v. *Tompkins and Others* (1864), 23 Ind. 348, 352. See also 3 Am. Jur., Appearances, § 9, p. 787; 1 *Watson's Works Practice,* § 904, p. 616.

A general appearance waives all defects in the process or its service. 1 *Watson's Works Practice,* § 905, p. 617. *Kirkpatrick, etc. Co.* v. *Central Electric Co.* (1903), 159 Ind. 639, 642, 65 N. E. 913.

The appearance of attorneys for appellant, before noted was made in open court immediately after appellee had made proof of personal service of summons on the Secretary of State aforenoted.

By this appearance—general in form—appellee was prevented from taking a default or proceeding

further at the time and appellant was entitled to the benefit of a plea in bar to be then or thereafter filed, to all rules of the court, to be heard on the merits and to take advantage of defects in the complaint. 6 C. J. S., Appearances, § 15, p. 46; 3 Am. Jur. Appearances, § 10, p. 787. But it could not thereafter question the court's jurisdiction of its person. After entering the afore-noted appearance appellant took no further steps for twelve days until April 24, 1944, when, the record shows; it appeared specially for the purpose only of moving the court to set aside the service of summons and quash the return. This motion was overruled on January 2, 1945. After a general appearance has been entered, a special appearance may not be entertained. *Slinkard* v. *Hunter, supra; Berry-Enright Lumber Co.* v. *Gardner* (1937), 104 Ind. App. 9, 11, 12, 7 N. E. 2d 523; *Eel River R. Co.* v. *State ex rel. Kistler* (1900), 155 Ind. 433, 440, 57 N. E. 388; *McKaig* v. *Jordan* (1909), 172 Ind. 84, 87, 87 N. E. 974; 1 *Watson's Works Practice,* § 548, p. 405; *Estey et al.* v. *Barnes et al.* (1895), 14 Ind. App. 446, 451, 42 N. E. 1118.

Appellant contends that the formal entry of appearance by appellant's attorneys is not a general appearance. That the nature of the appearance is determined by the steps that are taken under it and since the first steps taken by the defendant some twelve days after the formal appearance was a motion to set aside the service, the formal appearance was a special appearance. It cites *Whitesides* v. *Drage* (1914), 56 Ind. App. 679, 106 N. E. 382, and *Slinkard* v. *Hunter, supra.* In the Whitesides case the formal record is as follows: " 'Come now Branigin and Williams, attorneys, and enter their appearance for all defendants. Defendants file plea in abatement herein, in these words.' As a part of the same entry, then fol-

lows the plea to the jurisdiction." It was held, and we think rightly, that the pleading filed as a part of the same entry in which the appearance was noted determined the nature of the appearance. That case is distinguished from the instant case in that when the formal general appearance was entered in the instant case nothing was filed. Twelve days later, and not under the appearance it had caused to be entered as aforenoted, but under an alleged special appearance then entered by its attorneys, Draper and Eichhorn, appellant filed "action" to set aside the service of summons, and quash the return thereon. After accepting the benefits flowing from a general appearance entered, for twelve days, we do not think appellant was then in a position to enter a special appearance and question the jurisdiction of its person, while the general appearance remained in full force and effect in the record. *Collins* v. *Nichols* (1856), 7 Ind. 447; *Eel River R. Co.* v. *State ex rel. Kistler, supra; McKaig* v. *Jordan, supra.*

In the Whitesides case at pages 680, 681, Lairy, J., we think, correctly states the law applicable to the situation in this case, that where a general appearance has been entered, a plea to the jurisdiction of the person comes too late and it should be struck out on proper motion. "Under such circumstances a court could not commit reversible error in sustaining a demurrer to such plea." We do not think it could commit error in overruling the plea. We have carefully examined *Slinkard* v. *Hunter, supra,* and find that in that case the defendant appeared specially and filed a verified motion for change of judge. The court applied in reverse the same rule applied by Lairy, J. in the Whitesides case, holding that filing a motion for a change of judge is a general appearance though designated in the record as filed under a special appearance.

For the reasons given both the motion to set aside the service of summons and quash the return, and the plea in abatement were properly overruled.

The complaint was not tested by motion or demurrer. Among other things it averred that plaintiff is the administratrix of the estate of Clarence W. Meyers, deceased. That Route No. 12 at the time complained of was a heavily traveled public four-lane highway running in a generally east and west direction through Gary, Indiana. That about 11:00 o'clock P. M. November 11, 1942, defendant caused its trailer to be parked on the northern lane of said highway about three blocks west of Parks Road in Gary, and permitted it to remain there until the occurrence complained of. That on November 12, 1942, about 5:30 A. M. while it was dark, decedent was operating a motor vehicle westwardly through Gary along the northern lane of said Route No. 12 and collided with appellant's trailer parked thereon, receiving such injuries that he immediately died. Then follows rhetorical paragraph 8, hereafter copied in discussing appellee's and court's instruction No. 2. That decedent left dependents surviving him, his widow, and three minor children, aged 2, 5 and 7 years respectively. Damages of $10,000 are alleged and prayed for.

A denial agreeable with the rules was filed. Also a second paragraph averring in substance that the widow and infant children of decedent had accepted compensation under the Workmen's Compensation Law of Michigan for decedent's death. A third paragraph alleging in substance the same as the second, and a fourth paragraph alleging payment and satisfaction of the claim sued upon. The second, third and fourth paragraphs of answer were each put at issue by a reply under the rules. Since no question is presented concerning the

affirmative paragraphs of answer we shall not further notice them in this opinion.

The verdict was for appellee in the sum of $8,500, and judgment was rendered accordingly.

By proper objections, motion for new trial and assignment of errors appellant questions the giving of certain instructions which we shall consider.

Appellee's and court's instruction No. 1 is as follows:

"You are instructed that it is the law of this state that every motor vehicle, trailer, semi-trailer and pole trailer, and any other vehicle which is being drawn at the end of a train of vehicles shall be equipped with at least one (1) tail lamp mounted on the rear, which, when lighted, shall emit a red light plainly visible from a distance of five hundred (500) feet to the rear and that the law includes motor vehicles at rest temporarily or parked upon the traveled portion of a public highway as well as those in motion. You are instructed further that the law requires that such tail lights shall be lighted at any time from a half hour after sunset to a half hour before sunrise and at any other time when there is not sufficient light to render clearly discernible persons and vehicles on the highway at a distance of five hundred (500) feet.

"If you find from the evidence in this case that the trailer of the defendant was parked on U. S. Highway No. 12 at the time of the accident, as alleged in the complaint, between a half hour after sunset and a half hour before sunrise, or at a time when there was not sufficient light to render clearly discernible, persons and vehicles on the highway at a distance of five hundred (500) feet, and if you further find that a tail light was not burning on the trailer so as to be plainly visible from a distance of five hundred (500) feet to the rear and that the lack of such tail light was a proximate cause of the collision and the resultant injury then you are instructed that the defendant was guilty of negligence."

Section 47-2204, Burns' 1940 Replacement required appellant to have its trailer equipped with at least one tail lamp mounted on the rear which would emit a red light plainly visible from a distance of 500 feet to the rear. Section 47-2202, Burns' 1940 Replacement required appellant to keep this light turned on while its trailer was upon a highway within this state at any time from a half hour after sunset to a half hour before sunrise, and at other times specified. The instruction complained of is clearly within the statutes noted. There is evidence in the record and inferences that may be reasonably drawn from the evidence requiring that the instruction be given. The instruction does not attempt to tell the jury what the evidence is, or what weight they should give to it. 2 *Watson's Works Practice,* § 1746, p. 347. It does not invade the province of the jury. *Southern R. Co.* v. *Limback* (1908), 172 Ind. 89, 96, 85 N. E. 354; *The Union Mutual Insurance Company* v. *Buchanan* (1885), 100 Ind. 63, 73.

Appellee's and court's instruction No. 2 is as follows:

"You are instructed that the law requires every person to exercise that degree of care for the safety of other persons and property that a reasonably prudent person would exercise under like or similar circumstances. In other words a person is required to use a reasonable amount of care in the use of property so as not to injure the person or property of another.

"If you find, then, from the evidence in this case that defendant's trailer was stopped on the highway at the time and place of the collision without having any lights burning thereon, and if you find further that a reasonably prudent person under similar circumstances, as a reasonable precaution to protect the life and property of others, would have set out and maintained flares, lanterns, fuses, or other warnings, while the vehicle was so stopped,

to warn other travelers on the highway of its presence, and that the defendant in this case so failed to do, then you are instructed that the defendant is guilty of an act of negligence, substantially as charged in the complaint."

Rhetorical paragraph 8 of appellee's complaint is as follows:

"8. That said collision and the resultant death of plaintiff's decedent was directly and proximately caused by the negligence and carelessness of the defendant in permitting its said trailer to remain standing on the concrete pavement at the time and place aforesaid, without having any lights burning thereon nor without displaying any flares, lanterns, fuses, nor without giving any warning of any description whatsoever of the presence of said vehicle on the highway."

There is ample evidence in the record to establish this averment of the complaint. Instruction No. 2 does not invade the province of the jury. On the contrary it tells the jury that it was a duty of the defendant under the existing situation to exercise such care for the safety of others as a reasonably prudent person would exercise, and if it failed to do this, it was negligent. There was no error in giving this instruction.

Plaintiff's tendered instruction No. 3, which is court's instruction No. 6, reads as follows:

"You are instructed that a person must exercise ordinary care for his own safety or be guilty of negligence. If that negligence is a proximate cause of his own injury he is guilty of contributory negligence.

"The question of contributory negligence must be determined from the facts and circumstances in each case. A driver does not have an absolute duty to equip his vehicle with such lights and proceed at such speed, and observe the way with such care, that he will see any dangerous obstruction in the

highway and stop before collision and injury to himself or be chargeable with negligence contributing to his own injury. A traveler, upon a highway regularly used by the public, has a right to assume that the way is reasonably safe for ordinary travel, and though he must use his faculties in an ordinary manner to discover dangers, he is not required to anticipate extraordinary hazards nor to expect and search for unusual dangers constantly."

It correctly states the law with respect to contributory negligence in the first paragraph as follows: "You are instructed that a person must exercise ordinary care for his own safety or be guilty of negligence. If that negligence is a proximate cause of his own injury he is guilty of contributory negligence." It is well established that the driver of an automobile or truck proceeding along a highway has a right to presume that there will not be a truck, trailer or other obstacle stalled in the highway without head lights or tail lights and without the danger signals required by statute being exhibited. *Opple et al.* v. *Ray* (1935), 208 Ind. 450, 460, 195 N. E. 81; *Winder & Son, Inc.* v. *Blaine* (1940), 218 Ind. 68, 70, 29 N. E. 2d 987; *Northwestern Transit Inc.* v. *Wagner* (1945), 223 Ind. 447, 452, 61 N. E. 2d 591. There was no error in giving this instruction.

Of course, the burden was upon appellee to prove each element, essential to recovery, whether specifically charged in the complaint or not. *Prudential Ins. Co.* v. *Ritchey* (1918), 188 Ind. 157, 162, 119 N. E. 369, 119 N. E. 484; *Jackson, Rec.* v. *Rutledge* (1919), 188 Ind. 415, 425, 122 N. E. 579; *Terre Haute etc., Traction Co.* v. *Scott* (1926), 197 Ind. 587, 588, 150 N. E. 777; *Fowler Gdn.* v. *Ball, Exrs.* (1923), 82 Ind. App. 167, 170, 171, 141 N. E. 64. However, we think the complaint in this case contained sufficient averments of each element essential to recovery. The aver-

ments that appellant's heavily laden trailer was parked on the north lane of 4-lane highway No. 12, an east and west highway in the city of Gary, from about 11 o'clock P. M., November 11, until after the occurrence complained of about 5:30 the following morning; that at the time of the collision complained of and while it was yet dark the parked trailer was without a tail light as required by law, and without any other lights, or warning for travelers on the highway, are sufficient to charge appellant with negligence. Appellant rightly contends that it was not required by the statute to put out flares, fuses or lanterns within the city of Gary—the statute requiring such lights only when parking outside corporation limits §§ 47-2235, 47-2237, Burns' 1940 Replacement. However, the statute required that the parked trailer must have a lighted tail light, emitting a red light plainly visible for a distance of 500 feet to the rear. Sections 47-2204, 47-2214, Burns' 1940 Replacement. The evidence indicates there was no such lighted tail light on the trailer when it was parked as alleged and none thereafter up to the time of the collision, and that appellant tried to give the necessary warning when the trailer was parked by putting out three flares or lanterns similar to flares or lanterns used when parking outside corporation limits, but it further indicates that these flares or lanterns had completely burned out and were cold, when the collision occurred. Appellant had not performed its duty with respect to warning lights unless such lights were present and burning when the collision occurred. Hence there was evidence supporting each essential element necessary to make appellee's case.

Contributory negligence ordinarily is a question of fact for the jury. Only in cases where the facts are

undisputed and but a single inference can be drawn therefrom can this court say, as a matter of law, that a course of conduct shown does or does not constitute contributory negligence. *Northwestern Transit, Inc.* v. *Wagner, supra; Schlarb* v. *Henderson* (1936), 211 Ind. 1, 7, 4 N. E. 2d 205; *Opple* v. *Ray, supra,* at page 460. The facts in this case while not disputed are not such that but a single inference can be drawn and hence not such as to show contributory negligence as a matter of law. On the contrary the proven facts are such as to require the jury to weigh the evidence. This it has done and by its general verdict it has determined that decedent was not guilty of contributory negligence. Since we may not weigh the evidence we are bound by the verdict. As decedent drove along that busy four lane highway in the darkness of the early morning he had a right to presume that there was no unlighted truck or trailer obstructing the highway. We cannot say, as a matter of law, that decedent's failure to see the trailer and stop his truck in time to avoid a collision amounted to contributory negligence. *Cushman Motor Co.* v. *McCabe, Admr.* (1941), 219 Ind. 156, 170, 36 N. E. 2d 769.

Finding no error in the record the judgment is affirmed.

NOTE.—Reported in 84 N. E. 2d 54.