MIDWEST OIL COMPANY, INC. v. STOREY.

[No. 19,355. Filed December 1, 1961. Rehearing denied January 30, 1962. Transfer denied December 20, 1962.]

138

*Clelland J. Hanner,* of Rockville, *Jerdie D. Lewis,* and *Lewis & Lewis,* of counsel, of Terre Haute, for appellant.

*Seal & Seal,* of Washington and *McFaddin & McFaddin,* of Rockville, for appellee.

COOPER, J.—This is an action brought by appellee, Tom Storey, as plaintiff below, against appellant, Midwest Oil Company, one of the defendants below, for damages for injuries by reason of alleged negligence on the part of appellant and the Dresser Petroleum Company, Inc. in removing some underground storage tanks, formerly used as a service station, from appellee's premises, allegedly leaving an unguarded excavation into which appellee fell.

The complaint and the amended complaint were in two paragraphs, the first paragraph against the Dresser Petroleum Company, Inc., and the second paragraph against appellant herein. The issues were formed by appellee's amended paragraph one of complaint against co-defendant, Dresser Petroleum Company, Inc., and by appellee's amended paragraph two of amended complaint against appellant, Midwest Oil Company, Inc., said two paragraphs alleged negligence on the part of both Dresser Petroleum Company, Inc. and appellant, Midwest Oil Company, Inc., causing personal injuries to appellee. The negligence

alleged in each legal paragraph of appellee's amended complaint against appellant and its co-defendant are identical, reading as follows:

"(a) Leaving the pit and excavation without placing any lights or signals or other warning devices at the sides of said excavation, and,

"(b) Without placing any guards, timbers or other covering over the said excavation, and

"(c) Without placing or stationing any person, guard, or watchman to give due and proper warning of the existence of said excavation.

"(d) Failure to enclose, light, guard or warn persons using said lot."

After various motions and pleadings, the issues were closed, and trial was had by jury, which returned a verdict for the appellee in the sum of Twenty Thousand Dollars ($20,000.00) against appellant, and also a verdict in favor of co-defendant, Dresser Petroleum Company, Inc.

The appellant then filed a motion for new trial, which was overruled, and judgment was entered for the appellee, reading as follows:

"Comes the Court and now sustains motion of plaintiff for judgment on verdict returned by the jury in this cause, and the Court now renders judgment on said verdict in accordance therewith.

"IT IS, THEREFORE, CONSIDERED AND ADJUDGED BY THE COURT that the plaintiff recover of the defendant, Mid-West Oil Co., Inc., the sum of $20,000.00, together with his costs in this cause laid out and expended, and that plaintiff take nothing by his action as to the defendant, Dresser Petroleum Company, Inc., and that the defendant, Dresser Petroleum Company, Inc., recover of plaintiff its costs and charges in this cause laid out and expended."

The assigned error in this court is the court erred in overruling appellant's motion for new trial.

The record reveals that the judgment of the jury was based upon amended paragraph two of amended complaint, which reads as follows:

"1. That the defendant, Mid-West Oil Company, Inc. is a corporation duly organized and existing under the laws of the state of Indiana.

"2. That said Corporation has now and for more than five years last past has had its principal office and place of business in the city of Terre Haute, Vigo County, Indiana, and during all of said time was and is engaged in the business of operating gasoline filling stations.

"3. That on October 9, 1954, the defendant, Mid-West Oil Company, Inc. was in possession of the following described real estate, located in the city of Washington, Daviess County, Indiana, to-wit:

"On the Northeast corner of First Street and West Main Street more particularly described as follows; Beginning at a point where the North line of the sidewalk on West Main Street and the East edge of the sidewalk on First Street intersect, and running thence East 72 feet thence North 12 feet, thence North to the first alley North of West Main Street, thence West 60 feet, thence South to the point of beginning.

"4. That during the year 1954 until sometime in the month of September, 1954, the exact date not being known to plaintiff, the defendant, Mid-West Oil Company, Inc. operated a gasoline filling station on the above described real estate and in connection therewith kept, constructed and maintained underground storage tanks for gasoline on the North part of said ground and North of the filling station bldg. and during said time did pay the monthly rentals as provided in a lease then in existence, which was entered into between the plaintiff and the defendant, Dresser Petroleum Company, Inc. covering the above described real estate.

"5. That under the terms of said lease the said lessee, Dresser Petroleum Company, Inc., had

the right to sub-let said premises, a part of paragraph 13 of said lease reading as follows:

" 'It is further agreed that lessee may sub-let said premises ...' "

"6. That under the terms of said lease between the plaintiff and the defendant, Dresser Petroleum Company, Inc. the right was given upon the termination thereof to remove all tools, machinery, apparatus, and equipment of whatever description, and all fixtures, buildings, or structures of any kind placed or erected or caused to be placed or erected on said premises during the term of said lease.

"7. That under the terms of said lease, the plaintiff had the right and privilege to use the back, or North portion, of said real estate and to park his automobile thereon.

"8. That within fifteen days immediately prior to October 9, 1954, the exact date being unknown to this plaintiff, the defendant, Mid-West Oil Company, Inc. began and completed the excavation and removal of the underground gasoline storage tanks from said property and as a result thereof, left a large opening and pit in the surface of the ground approximately twenty feet long, eight feet wide and three and a half feet deep.

"9. That paragraph 11 of said lease between plaintiff and said Dresser Petroleum Company, Inc. provides as follows:

" 'It is known to the parties hereto that the Lessor owns a rooming house adjoining the above described real estate and that tenants in this rooming house frequently have automobiles, and the right and privilege is granted the Lessor or his tenants or assigns to use the back part, or the North part of the above described real estate for parking automobiles, but that not to exceed five automobiles are allowed to be parked there at one time, and such parking shall be done in such way as not to interfere with the operation of the business of the Lessee.'

"That in the afternoon or evening of October 9, 1954 the defendant, Mid-West Oil Company, Inc.

its agents, servants and employees negligently and carelessly left the aforesaid pit and excavation without placing any lights or signals or other warning devices at the sides of said excavation and without placing any guards, timbers or other covering over the said excavation and without placing or stationing any person, guard or watchman to give due and proper warning of the existence of said excavation.

"10. That after dark on the 9th day of October, 1954, plaintiff parked his automobile on the North part of said real estate and was lawfully walking along and over the back or North part of said premises, and was without knowledge of the existence of said pit and excavation and being unable to see same, the plaintiff fell into said excavation. The defendant Mid-West Oil Company, Inc. negligently failed to enclose, light, guard or warn persons using said lot as hereinabove set forth.

"11. That as a proximate result of the defendant Mid-West Oil Company Inc.'s said negligence as aforesaid, the plaintiff fell into the pit and excavation, and was severly and permanently injured as follows:— he suffered a herniated cervical disc, concussion of his spinal cord, the nerves and tendons in his neck and head were strained, twisted and torn; he suffered a concussion of the brain; his entire nervous system was injured; that he suffered great nervous physical and mental shock and anguish of mind; that as a result of said fall he is suffering from muscle atrophy, his hands and arms are drawing and shrinking and he has developed osteoarthritis of the spine is unable to sleep and suffers from a constant pain in his head; that he suffered, suffers and will continue to suffer great pain of body and mind, and is permanently injured and crippled.

"12. That since the date of said accident, and as a result thereof, plaintiff has been under the care and treatment of various physicians and surgeons and was hospitalized; further medical treatment, surgery and hospitalization will be necessary on account thereof; that following said accident, as a result thereof, plaintiff was unable to perform all of his duties, which consist principally of farming, and because of his increased debility,

plaintiff is now wholly unable to perform many of his duties and work, and is permanently disabled and crippled; that plaintiff has expended large sums of money for physicians and surgeons and hospitalization on account of said injuries.

"WHEREFORE, plaintiff demands judgment against the defendant, Mid-West Oil Company, Inc. in the amount of One Hundred Thousand Dollars ($100,000.00) and for all other proper relief."

It appears that the appellant filed a motion to make more specific under Rule 1-3A of the Supreme Court, which said motion was overruled, and, thereafter, the appellant filed a demurrer to said amended second paragraph of amended complaint upon the statutory grounds that "complaint does not state facts sufficient to constitute a cause of action against this defendant."

The trial court overruled said demurrer, the overruling of which being one of the grounds relied upon for reversal.

It is a well-established rule of law that if a complaint entitles complainant to any relief, it is good against a demurrer. *State ex rel. City of Loogootee* v. *Larkin* (1941), 218 Ind. 382, 33 N. E. 2d 112; *City of Indianapolis* v. *American, etc., Co.* (1911), 176 Ind. 510, 96 N. E. 608; *Burk* v. *Brown* (1915), 58 Ind. App. 410, 108 N. E. 252.

It also appears that in the trial court the demurrer was based upon the grounds that the facts stated in the appellee's complaint below was not sufficient to constitute a cause of action, while, on appeal, in the argument portion of his brief, we find the appellant has attempted to argue a new ground, namely: "The amended second legal paragraph of amended complaint stated a new cause of action, and since appellee alleged he received injuries as a result of an

accident occurring on the 9th day of October, 1954, was barred by two year statute of limitations."

It is a well-settled rule of law in Indiana that in the trial of a case all pleadings must proceed upon a definite theory and the theory cannot be changed upon appeal. See §2784, Flanagan, Wiltrout and Hamilton's Indiana Trial and Appellate Practice, 1961 Supp., and authorities cited therein.

The appellant also maintains as error under the court's ruling on appellant's demurrer that the appellee was a licensee in his use of the premises. We do not believe this proposition is well taken, as the owner, specifically reserved from the leased premises a parking lot to hold five automobiles, the lessee taking subject to owner's reservation. The general rule of law applicable is well stated in §35f., Vol. 65, p. 498, C. J. S., which states:

"An owner *or* occupant, as long as he permits a licensee to use the property, is under a duty not to do any positive act which *will increase the licensee's hazard*; and, if the owner or occupant does such an act, he is under a duty to give the licensee reasonable notice or warning of the increased danger." (Our emphasis)

Also, it is stated in §35g., *supra*:

"The owner or *person in charge* of property owes to a licensee thereon a duty to use ordinary care for the protection of the licensee where he knows that such licensee is in a position or situation of danger." (Our emphasis)

Further, it is stated in §35h., *supra*:

"The owner *or occupant* of property owes to a licensee thereon a duty to use reasonable care not to injure him through affirmative and active negligence." (Our emphasis)

Sec. 38, Vol. 65, p. 503, C. J. S. states:

"An owner *or occupant* of premises may be held liable for injury to a licensee because of negligence in leaving a trap or pitfall on the premises, or because he knowingly or willfully let the licensee run into a hidden peril." (Our emphasis)

In the instant case it appears that appellant took premises with knowledge that not only appellee but others would enter said premises for permitted parking privileges which were reserved to lessor. Sec. 84, Vol. 65, p. 592, C. J. S., states:

"A person responsible for a place, agency, instrumentality, or operation which is dangerous and likely to cause injury or damage must take due and suitable precautions to avoid injury or damage to persons or property rightfully in its proximity."

It is further stated in §84b, *supra*:

"The precautions taken by a person responsible for a dangerous place or instrumentality must be commensurate with the dangers to be apprehended and be sufficient under ordinary circumstances to prevent accidents and injuries."

We are of the opinion, under the forgoing authorities, that the trial court did not err in overruling the demurrers.

The next grounds raised by the appellant in his motion for new trial in the trial court charges error of the court below in overruling appellant's motion to strike out parts of depositions of certain witnesses for the appellee. These objections are not urged in the argument portion of the appellant's brief, and they, therefore, are deemed waived. Rule 2-17 of the Supreme Court.

The next error claimed by the appellant in the trial court in his motion for new trial is, "The damages assessed are excessive."

In the instant case there is evidence in the record that the appellee was permanently injured and did suffer pain and restriction in activities resulting from such injuries, and, under such circumstances, we cannot say, as a matter of law, that the amount of the verdict is excessive for the injuries the jury found the appellee suffered. The appellant has not presented to us any argument or authority that the jury acted through prejudice, partiality or corruption in determining said damages.

It is the general rule of law that appellate courts cannot interfere with a jury's determination of damages unless the damages assessed by the jury are so large as to indicate that the jury, in assessing the amount, was motivated by prejudice, passion, partiality, corruption or considered some improper element. *Jones* v. *Cary* (1941), 219 Ind. 268, 37 N. E. 2d 944; *Baldwin Piano Co.* v. *Allen* (1918), 187 Ind. 315, 118 N. E. 305; *Chi. & Cal. Dist. Transit etc.* v. *Stravatzakes* (1959), 129 Ind. App. 337, 156 N. E. 2d 902; §6162, West's, I. L. E., Vol. 9, pp. 345-346.

It appears from the appellant's motion for new trial that the next grounds of the asserted error is the verdict of the jury is not sustained by sufficient evidence and that the verdict of the jury is contrary to law.

A concise statement of the evidence most favorable to appellee tends to establish the following facts:

Appellee was the owner of certain real estate; that appellee leased said real estate, reserving to

himself part of said leased premises for parking automobiles; that appellee operated a rooming house adjacent to the leased premises and the space for parking automobiles reserved by the lessor was to be used for five autos, appellee's and others of said rooming house; that lessee assigned lease; that lease provided lessee may remove their equipment, building, etc. upon termination; that lessee was to leave premises in good and safe condition; that lessee removed underground storage tanks leaving unprotected or unguarded a large hole in the ground; that appellee fell into said hole, thereby sustaining injuries; that appellee was permanently injured and would be restricted in activities in the future; that appellee had and would in the future suffer pain as the result of said injuries.

It appears from the record herein that the verdict of the jury found the appellant was negligent which was the proximate cause of the injuries of the appellee and that the appellee was not guilty of contributory negligence by their verdict. It has long been the rule of law in determining the sufficiency of the evidence we review all the evidence and in its consideration we accept as true all facts and proper inferences which the jury might draw from the facts that are calculated to sustain the verdict. We do not concern ourselves with conflicts of the evidence or credibility of the witnesses. *N. Y. C. & St. L. R. Co.* v. *Merc. Natl. Bk.* (1960), (T. D.), 130 Ind. App. 638, 652, 165 N. E. 2d 382. We believe there was sufficient evidence of probative value upon which the jury could base a verdict.

The burden was upon the appellant to sustain contributory negligence by evidence of probative value.

A review of the evidence in the record before us discloses a dispute in material facts and more than one inference could be drawn therefrom. We cannot say, as a matter of law, that a course of conduct, such as shown by the evidence in the record before us, constitutes contributory negligence. The question of contributory negligence in the matter before us was a question of fact for the determination of the jury.

In the case of *N. Y. Central Ry. Co.* v. *Milhiser* (1952), 231 Ind. 180, 190, 106 N. E. 2d 453, the Supreme Court stated:

> "Appellant contends that the evidence shows appellee was guilty of negligence as a matter of law, that contributed to his injuries. The burden of showing contributory negligence was upon appellant. Ordinarily contributory negligence is a question of fact for the determination of the jury and trial court. It is only in cases where the facts are undisputed and but a single inference can be drawn therefrom that this court can say as a matter of law that a course of conduct shown constitutes contributory negligence. *Associated Truck Lines* v. *Velthouse* (1949), 227 Ind. 139, 153, 84 N. E. 2d 54; *Northwestern Transit Inc.* v. *Wagner* (1945), 223 Ind. 447, 453, 61 N. E. 2d 591; *Schlarb* v. *Henderson* (1936), 211 Ind. 1, 7, 4 N. E. 2d 205; *Opple et al.* v. *Ray* (1935), 208 Ind. 450, 460, 195 N. E. 91; *Grand Trunk, etc., R. Co.* v. *Cather* (1929), 92 Ind. App. 563, 572, 167 N. E. 551."

In the case of *Gamble* v. *Lewis* (1949), 227 Ind. 455, 460, 85 N. E. 2d 629, our Supreme Court clearly stated:

> "On appeal, when the sufficiency of the evidence is questioned, we do not weigh the evidence, but we examine the record to see if there is any evidence, or any reasonable or logical inference which may be drawn from

the evidence, which if believed by the jury would sustain the verdict. *Butterfield* v. *Trittipo* (1897), 67 Ind. 338, 342; *Indiana Ins. Co.* v. *Handlon* (1940), 216 Ind. 442, 24 N. E. 2d 1003."

The appellant herein also contends that the evidence shows that appellee Tom Storey was guilty of contributory negligence as a matter of law.

The appellant assigns as error of law in his motion for new trial the introduction of plaintiff's exhibits A3, A4, A5 and A6 upon the following three grounds:

"1. Mr. Palmer was not present when either one of these photographs were taken.

"2. He doesn't know the position of the camera.

"3. Doesn't know whether the conditions are distorted by the position of the camera."

There is evidence in the record tending to prove that the photographs were a true and fair representation of a Tom Storey filling station lot in Washington as of October 12, 1954. Officer Palmer testified that it was. The general rule as to the evidence of photographs has been well stated by our Supreme Court as follows:

"A photograph, proved to be a true representation of a person, place or thing which it purports to represent, is competent evidence of anything, of which it is competent and relevant for a witness to give a verbal description." *Hawkins* v. *State* (1941), 219 Ind. 116, 37 N. E. 2d 79.

We believe the evidence in the record, relating to the photographs, satisfies the foregoing rule.

The appellant in the argument portion of his brief avers, "The trial court erred in refusing to give to

the jury appellant's tendered instructions #1, 4, 5, 19, 20, 22, 24, 25, 27, 33, 34, 35, 36 and 37."

The appellant immediately thereafter argues, in substance, that the instructions were a correct statement of the law and necessary to properly advise the jury on the basis of the issues of the evidence presented; however, the appellant has not seen fit to comply with Rule 2-17(e) of the Supreme Court in that the tendered instructions are not set forth, nor is any reference made as to where they can be found in the appellant's brief or in the transcript of record, and we cannot determine where such tendered instructions should be given without searching the record, and we will not ordinarily search the record to find reversible error. See authorities cited in §2783, Flanagan, Wiltrout and Hamilton's Indiana Trial and Appellate Practice.

The appellant also in the argument portion of his brief claims the trial court erred in giving appellee's tendered instructions 1, 3, 6, 11, 14, 17, 18, 21 and 23, likewise fails to comply with Rule 2-17(e) of the Supreme Court for the reason that neither the instructions nor the objections made in giving said instructions set forth in the argument portion of the brief, nor is any reference made in said argument portion as to where the instructions, or objections thereto, may be found either in the appellant's brief or in the transcript of record. Thus, it is affirmatively apparent that the argument portion of the appellant's brief wholly fails to meet the requirements of Rule 2-17(e) of the Supreme Court, and, therefore, no alleged errors as to instructions are properly presented for consideration. We cannot say, as a matter of law, that the argument advanced by the appellant in the refusing to give and giving in

structions is based upon a cogent argument as is required by Rule 2-17(e) of the Supreme Court. For the reasons heretofore stated, no alleged errors as to instructions are properly presented to us for consideration. *McCoy* v. *State* (1960), 241 Ind. 104, 170 N. E. 2d 43, 51; *Wright* v. *State* (1958), 237 Ind. 593, 595, 147 N. E. 2d 551.

The appellant's last ground in his motion for a new trial is the court erred in overruling the appellant's motion for a directed verdict at the close of all the evidence.

From the evidence in the record now before us, and the reasonable inferences which could be properly drawn therefrom, we do not believe the trial court erred in overrruling the motion for a directed verdict.

Our court in the recent case of *Huber* v. *Protestant Deaconess Hospital, etc.* (1956), (T. D. 1957), 127 Ind. App. 565, 133 N. E. 2d 864, clearly defined the rules relating to the motion for a directed verdict when they stated:

"It is well settled that the trial court may, and it is its duty upon request, to direct a verdict for the defendant in cases where the evidence most favorable to the plaintiff, together with all reasonable inferences which a jury might draw therefrom, is insufficient to establish one or more facts essential to the plaintiff's right of action. *Patterson* v. *Southern R. Co.* (1913), 52 Ind. App. 618, 99 N. E. 491; *Cleveland, etc., R. Co.* v. *Haas* (1905), 35 Ind. App. 626, 74 N. E. 1003; *Tabor* v. *Continental Baking Co.* (1942), 110 Ind. App. 633, 38 N. E. 2d 257. The foregoing rule only applies where it clearly appears that the evidence fails to establish one or more of the facts essential to a recovery, and where the facts and the reasonable inferences which may be drawn therefrom are not disputed, and where the only possible inference to be drawn therefrom is favorable to the party asking the instruction. *Lyons* v.

*City of New Albany* (1913), 54 Ind. App. 416, 103 N. E. 20; *Roberts* v. *Terre Haute Electric Co.* (1906), 37 Ind. App. 664, 76 N. E. 323, 76 N. E. 895; *Cleveland, etc., R. Co.* v. *Gossett* (1909), 172 Ind. 525, 87 N. E. 723.

"When a motion for a directed verdict is presented the court must consider only the evidence and reasonable inferences to be drawn therefrom which are in favor of the party against whom the directed verdict is sought. *State ex rel. Thompson* v. *City of Greencastle* (1942), 111 Ind. App. 640, 649, 40 N. E. 2d 388; *Kettner* v. *Jay* (1940), 107 Ind. App. 643, 645-646, 26 N. E. 2d 546; *Orey* v. *Mutual Life Ins. Co. of N. Y.* (1939), 215 Ind. 305, 306-307, 19 N. E. 2d 547. The trial court is not permitted to weigh the evidence in passing upon a motion for a directed verdict, for to do so would invade the province of the jury. *Moslander* v. *Moslander's Estate* (1941), 110 Ind. App. 122, 126, 38 N. E. 2d 268. If there be any evidence of probative value or any legitimate or reasonable inferences to be drawn therefrom which support appellant's right to recover in the instant case, such matters would be for the jury. *Kearns* v. *Burling* (1895), 14 Ind. App. 143, 145, 42 N. E. 646."

From what we have heretofore stated, we do not believe the trial court erred in overruling the appellant's motion for a new trial.

The judgment of the trial court is affirmed.

Myers, J., Ryan, C. J., concur.

Ax, J., concurs in result.

NOTE.—Reported in 178 N. E. 2d 468.

Transfer denied in which Jackson, C. J., dissents; Bobbitt, J., not participating.