WALTERS *v*. ROWLS ET AL.

[No. 15,890. Filed October 21, 1938.]

*Simmons & Simmons* and *A. Walter Hamilton, Jr.,* for appellant.

*M. V. Skinner* and *Charles E. Schwartz,* for appellees.

WOOD, J.—The appellee, Fred H. Rowls, recovered a judgment against the appellant, Arlet Walters, for damages for personal injuries alleged to have been sustained by him as the result of an automobile accident,

claimed to have been caused by the negligent conduct of appellant and appellee Leonard Pense.

The issues on which the cause was tried consisted of a fourth paragraph of complaint, to which appellant and appellee Pense filed answers in general denial.

The allegations of this paragraph of complaint, briefly summarized, are: that the appellant parked a motor truck, owned and operated by himself, on the west side of the traveled portion of a north and south state highway, outside of the corporate limits of a city or town, at a time of day which was one-half hour after sunset and one-half hour before sunrise without placing caution signals or flares, as required by §§47-525 and 47-526 Burns 1933, §§11178 and 11179 Baldwin's 1934; that while said motor truck was thus parked, the appellee Rowls was walking along the highway toward it; that at the same time an automobile approached said motor truck along the highway from the south; that at the same time the appellee Pense approached said motor truck along the highway from the north in an automobile, owned and operated by himself, at a speed of from forty to fifty miles per hour; that said automobile was not properly equipped with headlights as required by §47-504 Burns 1933, §11154 Baldwin's 1934; that as the appellee Pense approached said motor truck in his automobile, the appellee Rowls stepped from the traveled portion of the highway for the purpose of permitting Pense to pass the motor truck; that the headlights of the automobile approaching the motor truck from the south blinded the appellee Pense so that because of his failure to have his automobile properly equipped with headlights, he did not see the motor truck and ran against the same with great speed and force, thereby pushing the motor truck against and up on ap-

pellee Rowls, severely injuring him as alleged in the complaint.

The cause was submitted to the court and a jury for trial, resulting in a verdict and judgment for the appellee Rowls against the appellant and for the appellee Pense against the appellee Rowls. Appellant filed a motion for a new trial which was overruled, and this appeal follows. The only error assigned for reversal and not waived by appellant is the overruling of his motion for a new trial. Appellant limits the discussion in his brief to the alleged causes for a new trial designated as number three, that the verdict of the jury is not sustained by sufficient evidence; number four, that the verdict of the jury is contrary to law; number seven, error of the court in refusing to give to the jury each of instructions numbered 1, 2, and 3 tendered by the appellant; and specification number nine, error of the court in giving to the jury instruction number eleven of its own motion.

That portion of §47-525 Burns 1933 (§11178 Baldwin's 1934, *supra*) pertinent to the action of appellee Rowls reads as follows: "Every motor vehicle used for the carriage of passengers for hire, and every motor-truck and commercial motor vehicle shall be equipped with at least two (2) red warning flags and two (2) brilliant-burning danger or caution signals, so constructed as to burn with a brilliant light. Suitable holders shall be provided for elevating said signals in a prominent position above the surface of the highway, when in use, as provided in the next section hereof. No light other than a red light shall be used as a stop light." While §47-526 Burns 1933, §11178 Baldwin's, *supra,* also furnishing a basis for the action, is in the following language: "It shall be unlawful for any person to park a motor vehicle or motor-bicycle or to leave any such motor vehicle or motor-bicycle, without an attendant, on

the traveled portion of any highway outside the corporate limits of any city or town, except in case of emergency. While any motor vehicle used for the carriage of passengers for hire, or any motor-truck or commercial motor vehicle is stopped on the traveled portion of any highway outside the corporate limits of any city or town, for a purpose other than taking on or discharging passengers or freight, or complying with traffic requirements, the operator thereof shall cause to be displayed in a prominent position above the surface of the highway at a distance of approximately three hundred (300) feet from such vehicle in the direction from whence it was coming and also in the direction in which it was proceeding, a brilliant-burning danger or caution signal, as described in section forty-eight (§47-525, §11178), if such stopping occurs between one-half hour after sunset and one-half hour before sunrise, or if the weather conditions are such as to produce low visibility, and a red warning flag if such stopping occurs at any other time. (Acts 1925, ch. 213, §49, p. 570; Acts 1933, ch. 90, §5, p. 653.)"

The only evidence before the jury for its consideration on the issues tendered between the appellant and the appellee Rowls upon the trial of this cause was that presented by appellee Rowls. The following pertinent facts may be summarized therefrom: the appellant was operating a motor truck in a south direction on State Road 26 in Jay County, Indiana, one hour after sunset on September 15, 1933, when his motor truck ran out of gasoline at a point about thirty rods south of the residence of appellee Rowls; appellant parked the truck which was headed south on the west side of the paved portion of the highway with the left wheels standing on the pavement about eighteen inches or two feet from the west side

thereof; the headlights and tail light on the truck were in good condition, but appellant did not have them turned on when the truck stopped, nor were they turned on at any time previous to the accident complained of; the truck was also equipped with two brilliant-burning danger or caution signals, but the appellant did not at any time previous to the accident place these signals on the highway as provided by the provisions of the sections of the statute above quoted; he left the truck parked on the highway under these circumstances and walked to the home of appellee Rowls to obtain some gasoline with which to operate the truck; appellee Rowls did not have gasoline but did have fuel oil, some of which he placed in a container and gave to the appellant, and accompanied appellant back to the place where his truck was parked; appellee Rowls stood beside the appellant on the left-hand side of the motor truck on the pavement while appellant poured some of the fuel oil in the tank of the truck; appellant then got into the cab of the truck and endeavored to start the engine; at this time appellee Rowls observed an automobile driven by his co-appellee Pense approaching from the north; for the purpose of getting off the pavement, appellee Rowls left the place where he was standing beside the truck and walked around the front end thereof toward the opposite side of the truck; as appellee Rowls was in the act of doing this, the automobile driven by Pense collided with the rear end of appellant's truck with such force that it drove the truck forward over appellee Rowls, thus inflicting serious injuries upon him; it was dark when this happened and appellee Pense did not see appellant's truck parked on the highway in time to avoid hitting it; as appellee Pense approached the scene of the accident, an automobile was also approaching from the south, and the lights on this auto-

mobile were dimmed as were those on appellee Pense's automobile.

The appellant concedes that appellee Rowls was rightfully upon the highway and at a place where he had a right to be, but he insists that the provisions of the sections of the statute above quoted created no duty owing from the appellant to the appellee Rowls, upon the theory that he was not a member of the class intended to be benefited by the statute. Appellant further contends that appellee Rowls was a mere spectator or by-stander with full knowledge of the fact that appellant had not complied with the provisions of the sections of the statute above quoted and was therefore guilty of contributory negligence which should preclude his recovery as a matter of law.

The first, second, and third instructions tendered by the appellant, which the trial court refused and of which action the appellant complains, were predicated upon this theory, while instruction eleven, given by the court of its own motion and of which action the appellant complains, was predicated upon the theory, that the appellee Rowls came within the class of persons intended to be benefited by the statute and that whether or not he was guilty of contributory negligence, which should defeat his recovery, was a question of fact for the jury to determine from the evidence before it. The questions presented by the record are so closely interwoven that we will consider them together. In the case of *Prest-O-Lite Company* v. *Skeel* (1914), 182 Ind. 593, 106 N. E. 365, our Supreme Court said (p. 600) : "It must be regarded as well settled doctrine, (1) that if one upon whom the statute imposes a duty, violates that duty, *and the violation results in an injury,* he is liable, irrespective of all questions of care and prudence; . . ." In Vol. 3-4, Huddy Ency. of Automobile Law, 9th Ed., p. 63, the author says "By the great weight of authority,

the violation of a statute or ordinance is considered negligence *per se."*

The evidence was conclusive that the appellant was guilty of negligence *per se* and therefore that question was not subject to rebuttal. *Gerlot* v. *Swartz* (1937), 212 Ind. 292, 7 N. E. (2d) 960.

The sections of the statute under consideration were undoubtedly enacted by the legislature for the protection of persons and property lawfully upon the public highways of this state. The construction which the appellant would have us place upon the sections of the statute, we think, is too narrow and if adopted would defeat the very purpose of the legislature in enacting them.

The state of Michigan has a statute, the language of which, pertinent to our inquiry, reads as follows: "Upon approaching a person walking in the roadway of a public highway, . . . a person operating a motor vehicle shall slow down to a speed not exceeding ten miles per hour and give reasonable warning of its approach and use every reasonable precaution to insure the safety of such person." 1 Comp. Laws of Mich. 1915, Sec. 4818.

In the case of *White* v. *Edwards* (1923), 222 Mich. 321, 192 N. W. 560, White recovered a judgment against Edwards for damages for personal injuries which he sustained when hit by an automobile driven by Edwards. Briefly the facts were: that White walked across the traveled portion of the highway to talk with the driver of a truck parked on the opposite side thereof and it was while White was standing in the highway near the truck that Edwards hit him, causing his injuries. In that case on appeal two questions were presented to the court for its consideration on behalf of Edwards:

"(1) Should the court have held as a matter of

law that plaintiff was guilty of contributory negligence? and

"(2) Did defendant owe plaintiff the statutory duty when approaching him in the highway required by section 4818, 1 Comp. Laws 1915?"

The court in answering these questions against the contention of Edwards said: "Numerous decisions of courts of last resort hold, and we think they should be followed, that one injured while momentarily standing in the highway and when not in motion is not *per se* guilty of contributory negligence, and that the offending party is not exonerated from all duty and from liability by the fact that he is not in motion." Then after citing many authorities in support of this proposition, the court said further: "Nor do we think it can be said as matter of law that plaintiff under the facts of this case was guilty of contributory negligence."

Again in the case of *Nordman* v. *Mechem* (1924), 227 Mich. 86, 198 N. W. 586, the same statute was before the court for its consideration and application. In that case a boy twelve years old was roller skating on the highway when hit by an automobile and killed. The lower court instructed the jury that the statute did not apply to the facts in that case, that the boy was not walking on the highway as contemplated in the statute. From a judgment for the defendant, the plaintiff appealed. The Supreme Court of Michigan adhered to the rule previously announced by it in the case of *White* v. *Edwards, supra,* holding that the instruction given by the trial court was erroneous and reversed the judgment for that among other reasons. In the course of its opinion, the court said (p. 90) : "The purpose of the statute is to safeguard human life and it should not receive a construction making it applicable only to persons walking heels and toes. In construing the statute we cannot escape the conviction that the term 'walking in the highway' was intended to

be inclusive of all persons in the highway standing or moving therein, using their legs and feet."

By analogy the intent, purpose and dangers to be eliminated by the above sections of our statute were very similar to those comprehended within the language of the Michigan statute. They are therefor subject to the same interpretation and application. We conclude that the appellee Rowls came within the class of persons intended to be protected by §§47-525 and 47-526 (§§11178, 11179 Baldwin's), *supra,* that the trial court did not err in overruling appellant's motion for a new trial for the causes therein alleged and presented for our consideration.

Finding no error, the judgment is affirmed.