WINDER & SON, INC. *v.* BLAINE.

[No. 27,474.   Filed December 2, 1940.   Rehearing denied
January 7, 1941.]

*Cloe, Campbell & Cloe,* of Noblesville, and *Fenton, Steers, Beasley & Klee,* of Indianapolis, for appellant.

*Christian & Waltz,* of Noblesville, and *Richard Smith* and *Seth S. Ward,* both of Indianapolis, for appellee.

FANSLER, J.—The appellee brought this action to recover damages for personal injury resulting from his being struck by an automobile. There was an answer in general denial, trial by jury, and a verdict and judgment for the appellee.

Error is assigned upon the overruling of appellant's motion for a new trial, which questions the sufficiency of the evidence and the giving and refusal to give certain instructions.

There is but little conflict in the evidence. The facts most favorable to the appellee disclose that the appellee was employed as a watchman by a contractor who was engaged in building a highway bridge on State Road No. 13. The bridge was under construction, and traffic was detoured over a temporary roadway or "run-around" located on the west side of the highway. A barricade was constructed across the highway at the north side of the work. A board from the barricade extended westward into or near the traveled way on the "run-around." The night was foggy and wet and visibility was low. Appellant's large truck moved in a northerly direction over the "run-around." As the truck approached the pavement, after going through the "run-around," an axle broke, disabling the truck in the driveway, with the front end projecting into the paved portion of the highway. The driver of the truck was equipped with flares, but he failed to ignite or place any flares in the highway, and left the truck to

telephone his employer, leaving the headlights on the truck unlighted. Possibly because the stalled truck partly obstructed the driveway, the appellee procured a saw and engaged in sawing off the board which was part of the barricade and which extended westward into the "run-around." ` While he was so doing, a passenger car approached from the north and a small truck approached through the "run-around" from the south. The driver of the passenger car testified that visibility was low; that he observed the headlights of cars approaching on the highway from the south; that he did not know of the obstruction due to the building of the bridge; that, when some distance from the work, he observed a highway "slow" sign at the side of the road and a red lantern or lanterns; that he slowed his car down; that shortly before reaching the barricade he observed a "curve" sign, which indicated to him that he must drive around. He was then going ten or twelve miles an hour. He proceeded without seeing the stalled truck until he was too close to avoid hitting it. The small truck meantime had come through the "run-around" and had gone to the edge of the pavement on the east side of the driveway. The passenger car struck the bumper of the stalled truck; it was thrown across the road against the parked smaller truck, and then against the barricade, and it turned over and fell on the appellee, who was working at the end of the barricade.

It is observed that the appellant's truck was upon the highway, in the dark, without its two front headlights lighted, as required by § 47-505, Burns' 1933, § 11158, Baldwin's 1934. There was a statute then in force, § 47-525, Burns' 1933, § 11178, Baldwin's 1934, providing that every motortruck should be equipped with "two brilliant-burning danger or caution signals,

so constructed as to burn with a brilliant light. Suitable holders shall be provided for elevating said signals in a prominent position above the surface of the highway, when in use. . . ." The following section, § 47-526, Burns' 1933, § 11179, Baldwin's 1934, provided that, when any motortruck is stopped on the traveled portion of any highway outside the corporate limits of a city or town, for a purpose other than taking on or discharging passengers or freight, or complying with traffic requirements, "the operator thereof shall cause to be displayed in a prominent position above the surface of the highway at a distance of approximately three hundred feet from such vehicle, in the direction from whence it was coming and also in the direction in which it was proceeding, a brilliant-burning danger or caution signal, as described in section 48 (47-525, Burns' Ind. St. 1933, 11178, Baldwin's Ind. St. 1934), if such stopping occurs between one-half hour after sunset and one-half hour before sunrise, or if the weather conditions are such as to produce low visability [visibility]. . . ."

The appellant failed to comply with these statutory requirements, and such failure is negligence per se. The appellant contends, however, that this negligence was not the proximate cause of the appellee's injury. The jury was instructed that the plaintiff could not recover unless the negligence of the defendant was the proximate cause of the injury, and instructed that: "By proximate cause is meant the efficient and producing cause of an injury. It is that cause which in natural and continuous sequence, unbroken by any efficient, intervening cause, produced the result complained of, and without which the result would not have occurred. It need not necessarily be the immediate cause, but must be the efficient cause

which set in motion the chain of circumstances which led up to and produced the injury complained of." In the light of this instruction, the jury must have concluded from the facts that the plaintiff's injury was proximately caused by the negligence of the defendant in failing to have the headlights lighted upon the truck, or upon its failure to put out flares, or both. Notwithstanding this result reached by the jury, the appellant contends that, under the facts, its negligence could not be the proximate cause of the injury.

The driver of the passenger car slowed down when he saw a "slow" sign and a red light. It is presumed that he knew the law, and he had a right to presume that there would not be a truck stalled in the highway without headlights and without the danger signal bright flares required by statute. It cannot be presumed as a matter of law that he would have ignored the flares if they had been burning, and that he would have run into the truck if its headlights were burning, nor can it be said as a matter of law that the overturning of his car and the injury to the appellee were not proximately caused by the driver's reasonable assumption that there was no heavy truck in front of him obstructing his path. In *Opple et al.* v. *Ray* (1935), 208 Ind. 450, 460, 195 N. E. 81, 85, it is said: "One who is driving on the highway in a reasonably prudent manner has the right to presume that there is no car upon the traveled way in the dark, unlighted; and if he collides with such a car, without notice of its presence, or of facts which would put a reasonably prudent person upon notice of danger, he cannot be charged with negligence contributing toward the collision." If the collision was not caused by the negligence of the driver of the passenger car, it must have been caused by appellant's negligence. The appellee's injury was the direct

result of the collision and overturning of the passenger car. See *Swanson* v. *Slagal, Adm'x* (1937), 212 Ind. 394, 8 N. E. (2d) 993, and *Gerlot et al.* v. *Swartz et al.* (1937), 212 Ind. 292, 7 N. E. (2d) 960. Even though the driver of the passenger car had been negligent, and his negligence had combined with appellant's negligence to cause the overturning of the passenger car and the consequent injury to the appellee, the appellant would still be liable, and the evidence would be sufficient to sustain the judgment against it. *City of Indianapolis* v. *Willis, Adm'r* (1935), 208 Ind. 607, 194 N. E. 343.

The appellant complains of the refusal to give a peremptory instruction, and certain instructions which were covered by the court's instructions. The court gave an instruction upon the question of concurring negligence. It is contended that the instruction invades the province of the jury by implying that there were concurrent acts of negligence. But we think this contention is not supported by the facts. There was evidence from which the jury might have concluded that the driver of the passenger car was negligent, and the instruction was proper.

The jury was fully and fairly instructed. We find no error.

Judgment affirmed.

NOTE.—Reported in 29 N. E. (2d) 987.