EVANSVILLE & OHIO VALLEY RAILWAY COMPANY, INC.
*v.* WOOSLEY, ADMINISTRATRIX

[No. 17,905. Filed June 28, 1950. Rehearing denied September 27, 1950. Transfer denied October 25, 1950.]

574

Robert D. Markel, Wilbur S. Furlow and Clifton L. Markel, all of Evansville, for appellants.

John H. Jennings and R. Vance Hartke, both of Evansville, for appellee.

BOWEN, J.—This is an appeal from a judgment for the plaintiff in an action for damages for the alleged wrongful death of appellee's husband caused by the alleged negligence of the appellant in a collision between an automobile in which the appellee's decedent was riding and the rear of a passenger bus owned and operated by the appellant.

The cause was tried by a jury on the issues formed by appellee's amended complaint and appellant's answer in four paragraphs. The jury returned a verdict in favor of appellee and against appellant, awarding appellee damages in the amount of $8,500, and judgment was rendered on the verdict. In addition to filing a motion for a new trial, the appellant filed a complaint

for a new trial for causes discovered after term, and after time for filing a motion for the new trial had expired, and the court sustained appellee's demurrer to this complaint, appellant refused to plead further, the judgment in this separate action was consolidated by the trial court with the principal action for appeal.

Errors assigned for reversal are that the lower court erred in overruling specifications Nos. 3 and 5 of appellant's motion to strike out parts of appellee's complaint; that the court erred in overruling appellant's motion for a new trial. The grounds of such motion were that the verdict of the jury is not sustained by sufficient evidence and is contrary to law; that the damages assessed by the jury are excessive; that the court erred in overruling appellant's request for a preemptory instruction to return a verdict in its favor at the close of appellee's evidence; that the court erred in giving to the jury certain specified instructions on its motion; that the court erred in giving to the jury certain specified instructions requested by the appellee; that the court erred in instructing the jury partly in writing and partly orally; that the court erred in making certain remarks to the jury; that the court erred in overruling the motion of appellant that the jury be taken to the scene of the accident; and that appellant and appellant's counsel were guilty of misconduct in the trial of the cause.

In the memorandum attached to appellant's motion to strike, references are made to the statute with reference to surplusage and irrelevant matter, and further claim is made that to permit such allegations to remain in the complaint did constitute prejudice to the defendant.

The only effect of overruling appellant's motion to strike out parts of the complaint was to leave surplus-

age in the record, which, when considered in the light of the allegations of the complaint and the instructions of the court did not prejudice the appellant, and, therefore, did not constitute reversible error. The action of a court in overruling a motion to strike out a part of a pleading does not ordinarily constitute reversible error even though such action be erroneous. *American Income Insurance Co.* v. *Kindle-sparker* (1941), 110 Ind. App. 517, 37 N. E. 2d 304; *Lindley* v. *Sink* (1940), 218 Ind. 1, 30 N. E. 2d 456; *Butt* v. *Iffert* (1909), 171 Ind. 554, 86 N. E. 961; *Flanagan's Indiana Pleading and Procedure*, § 126, p. 181 and cases cited therein; 2 Lowe's Revision, *Works' Indiana Practice*, § 23.30, p. 127.

The appellant, a motor carrier, was operating a bus on Indiana State Highway No. 75 on a regular bus route from the City of Evansville, Indiana, to the City of Owensboro, Kentucky. The bus was proceeding up a small hill some four miles north of the Owensboro Bridge in Spencer County, Indiana, between two intersecting roads, Lillipop Road and Leslie Road. The bus stopped with four wheels on the concrete highway for a few minutes on the paved portion of the highway near mail boxes to permit two persons to alight. One person had stepped out of the bus and was standing on the shoulder of the highway when an automobile driven by one Hardison and in which the decedent was riding; struck the rear of the bus. Two person who were riding in the back seat suffered broken ankles. Hardison, the driver, was seriously injured, and Woosley, plaintiff's decedent, died a short time afterward. There was evidence that the stopped bus was obscured from the view of the one approaching the bus from the rear until such car approaching would be about 75 or 100 feet from such bus. The evidence showed that the Hardison automobile in which the deceased was riding

and was asleep was approaching the hill, near the crest of which the bus had stopped, at a speed of from 35 to 45 miles per hour traveling in a southerly direction in the rural district of Spencer County, Indiana. As the Hardison automobile came over the break of the hill, the bus was discharging passengers, one of which was on the right shoulder of the road, and a truck was approaching from the south in the only other traffic lane. The driver of the Hardison automobile veered his car to the left and upon seeing the oncoming truck pulled back and struck the rear of the bus.

Appellant's assignments of error present the question as to the allegations of negligence in the complaint and whether under the complaint and the evidence appellant's bus was negligently parked upon the highway. The allegations of negligence contained within the complaint were as follows:

"That at said time the defendant was negligent and careless as follows, to-wit, each of which of said acts of negligence was a direct and proximate cause of said collision and resulting death of the deceased and damage to plaintiff:—

1. That the driver, Johnson, negligently and carelessly parked said bus at said above mentioned place upon said highway.

2. That said Johnson negligently and carelessly permitted said bus to remain parked upon said highway.

3. That said Johnson negligently and carelessly, while said bus was parked as aforesaid, permitted the passengers of his said bus to alight from said bus and to occupy the shoulder of said highway on the right side.

4. That said Johnson negligently and carelessly failed to give any signal whatsoever, either of the stopping of said bus, or of the fact that same was to continue to remain parked upon said highway."

The appellant insists that the foregoing specification included allegations of negligence which would not constitute negligence as a matter of law and that such allegations considered in connection with the evidence in this cause do not show that appellant was guilty of negligence in stopping its bus on the highway at the time in question. There is a statute in this State, Section 47-2120, Burns' 1940 Replacement which provides as follows:

> "(a) Upon any highway outside of a business or residence district, no person shall stop, park, or leave standing any vehicle, whether attended or unattended, upon the paved or main traveled part of the highway when it is practicable to stop, park or so leave such vehicle off such part of said highway, but in every event, a sufficient unobstructed width of the roadway opposite a standing vehicle shall be left for the free passage of other vehicles and a clear view of such stopped vehicle shall be available from a distance of two hundred (200) feet in each direction upon such highway. . . ."

There is no question but what there was ample evidence to establish that the appellant in the operation of its bus violated this statute by reason of the fact that there was evidence that a clear view of such stopped vehicle was not available for a distance of 200 feet to the drivers of other vehicles.

The appellant takes the position that by reason of a fact that its bus was a common carrier it is not bound by the provisions of the aforementioned statute. The statute itself does not exempt motor buses and a bus is included as a motor vehicle under the Motor Vehicle Acts.

The appellant had the privilege as a public motor carrier of passengers to pick up and discharge passengers while such bus was being so operated on the

public highways, but such picking up and discharging of passengers must not be done in violation of Section 47-2120, Burns' 1940 Replacement, and the evidence in this cause is sufficient for the jury to have properly concluded that appellant had violated such statute.

The question of the contributory negligence of the driver of the automobile, which negligence under the court's instructions was imputed to appellee's decedent, was a question of fact for the jury to determine. The jury determined this issue adversely to appellant.

The allegations of the complaint charging negligent parking of the bus and negligently permitting the bus to remain parked were clearly sufficient to allege negligence under the provisions of Section 47-2120. As stated in *Northern Indiana Transit Co.* v. *Burke* (1950), 228 Ind. 162, 89 N. E. 2d 905, "parking" under any possible definition includes "stopping."

Furthermore, the complaint uses the word "stopped" and "parked" interchangeably in the allegations thereof. The appellant violated the provisions of the aforementioned statute, and the allegations of the complaint sufficiently charged such violation and the evidence showed that the provisions of such statute were violated.

The appellant further contends that the alleged negligent stopping of appellant's bus was not the proximate cause of the collision, and that the stopping of the bus was only a condition and a remote cause. This contention of appellant is definitely answered by the Supreme Court in the *Northern Indiana Transit Co.* v. *Burke, supra,* in an exhaustive discussion of the question of an automobile striking the rear of the bus and with reference to the question of proximate cause. The negligence of the operator of a motor vehicle

in stopping or parking his car may be a proximate cause of injury even though the negligence of the operator of another motor vehicle is an active force in contributing to the final result. *Winder & Son, Inc.* v. *Blaine* (1940), 218 Ind. 68, 29 N. E. 2d 987; *Walters* v. *Rowls* (1938), 105 Ind. App. 632, 16 N. E. 2d 969; *Eberhart* v. *Abshire* (7th Cir., 1946), 158 F. 2d 24; *Louisville Taxicab & Transfer Co.* v. *Reno* (1931), 237 Ky. 452, 35 S. W. 2d 902. On the question of proximate cause, there was a causal connection between the stopping of the bus as disclosed by the evidence and the accident. By reason of the fact that the view of the highway was obstructed until the driver of the automobile in which plaintiff's decedent was riding was within 75 to 100 feet of appellant's bus, the jury was justified in concluding that the proximate cause of the accident was the fact that appellant's bus was standing on the highway in violation of the statute, Section 47-2120, *supra.*

The appellant further contends that the negligence of the driver was imputed to the decedent and that the verdict in favor of his administratrix is not supported by sufficient evidence, and that appellant claims that the decedent and the driver were engaged in a joint enterprise and, therefore, the negligence of Hardison is imputed to decedent. The court instructed the jury definitely that the negligence, if any, of the driver was imputed to the decedent. Since the court clearly instructed the jury definitely that the negligence, if any, of the driver, was imputed to the decedent, the question of joint enterprise becomes wholly immaterial. The question of the contributory negligence of the driver of the automobile in which decedent was riding, which negligence under the court's instructions was imputed to appellee's decedent, was a question of fact for the jury.

The appellant assigns as error the giving of the court's instruction No. 1. Such instruction reads as follows: "This cause is submitted to the jury on the plaintiff's complaint, which omitting caption and signature is as follows: (Complaint is set out verbatim). To this complaint the defendant filed an answer in four paragraphs which omitting caption and signature reads as follows: (Answer is set out verbatim).

"On the issues thus joined in the complaint and the first paragraph of answer, the burden is upon the plaintiff to establish the material allegations of her complaint by a preponderance of the evidence. On the issues joined on the 2nd, 3rd, and 4th paragraphs of answer and reply filed thereto by plaintiff, the burden is upon the defendant to establish the material allegations of said paragraphs of answer or anyone of them by a preponderance of the evidence." The objection to such instruction is that it informs the jury that the cause is submitted on the plaintiff's complaint alone. Such contention is highly technical and without merit, as no one could reasonably interpret this instruction as contended for by appellant.

The appellant assigns error in the giving to the jury of the court's instruction No. 6 which reads as follows:

"In determining the question of negligence on the part of the defendant or contributory negligence on the part of the plaintiff you should take into consideration along with all the other evidence in the case whatever evidence has been produced in this trial showing the act or acts of both plaintiff and defendant at the time of collision under all conditions and circumstances surrounding said collision."

The objection to such instruction is based upon the fact that the plaintiff is the administratrix of the estate

of decedent and that the jury was not instructed to take into consideration the acts of Woosley, plaintiff's decedent, or the driver of the car. However, although this instruction is technically erroneous, the jury could not have been misled by this instruction, and further when it is considered in the light of all of the other instructions, it appears that appellant was not harmed.

The appellant has assigned additional error in the giving to the jury of the court's instruction No. 7 which reads as follows:

"No law of this state provides the number of miles per hour, or limits the number of miles per hour at which an automobile shall, or may, be operated on the highways of this state, outside of cities and towns, and business and residential districts and other particular areas designated by the State Highway Commission.

"The law of this state provides that no person shall drive or operate a motor vehicle upon any public highway of this state at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing.

"If you find that the speed at which the automobile in which decedent was riding was not greater than was reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing, then the operator of said automobile was not negligent with reference to speed regardless of the speed at which he operated said automobile and you find that the place where the accident occurred was not in one of the above specified areas."

The objection to such instruction is based upon the contention that such instruction omits to tell the jury that the driver of the motor vehicle is required to restrict the speed of a motor vehicle at the crest of a hill and in attempting to pass another vehicle and fails to inform the jury that the speed of his motor vehicle

should be restricted under the circumstances in the cause. The jury could not have understood this instruction as saying with reference to speed, more than that in this state there is no statute limiting the speed of automobiles to any certain number of miles per hour. The giving of such instruction was not error. *Jones* v. *Cary* (1941), 219 Ind. 268, 37 N. E. 2d 944.

The appellant complains of the giving of the court's instruction No. 8 which reads as follows:

"You will observe, gentlemen, that there are several allegations of negligence charged in the plaintiff's complaint herein.

"You are instructed that the plaintiff, in order to recover in this case, is not required to prove all of said acts of negligence in said complaint, but if said plaintiff has proven by a preponderance of the evidence any one or more of said acts of negligence which are properly alleged in said complaint, and that upon such act or acts of negligence so proven was the proximate cause of the accident in question, and has also proven all of the other material averments of her complaint herein, then said plaintiff is entitled to recover in this action unless you further find from all the evidence in the case that the plaintiff's decedent or the driver of the automobile in which the said decedent was riding was guilty of contributory negligence."

The objections to this instruction are based upon the contention that the jury is told that if the plaintiff is only required to prove by a preponderance of the evidence anyone or more of the acts of negligence, when, as appellant alleges, some of the acts of negligence alleged in the appellee's complaint are not, in law, acts of negligence, and an additional objection which is highly technical and without merit. Each of the separate allegations of negligence in plaintiff's complaint were sufficient in law separately. The acts of negligence

set forth in the complaint are, in law, acts of negligence for the reasons heretofore given in this opinion with reference to the action of the decedent at the time of the accident in the operation of its motor bus.

The appellant particularly complains as to the specification of negligence No. 3. Such specification does not predicate negligence on the permitting of passengers to alight from the bus and to occupy the shoulder of the highway, which is a lawful act in itself, but such specification states in substance and effect that the said bus driver negligently, while said bus was parked as aforesaid (which was in violation of the Statute, Sec. 47-2120), permitted passengers to alight which is clearly sufficient as an allegation of negligence. The specification asserts negligence not in the permitting of the passengers to alight, but in the *manner* that such passengers were permitted to alight and the negligent parking of the bus, which includes a charge of stopping in violation of the statute.

Appellant further complains of the giving of appellee's instruction No. 1 which reads as follows:

"The court instructs the jury that the deceased and William Hardison, the operator of the automobile in which deceased was riding, each, had a right to assume and act upon the assumption that every other person, including the operators of passenger busses, such as the defendant, as well as any other person, would obey the law and in the absence of reasonable grounds to presume otherwise the court further instructs the jury that the said driver of said automobile, William Hardison, and the said deceased, had a right to assume, that there would be no passenger bus parked, stopped, or standing on the paved portion of the highway upon which they were proceeding, contrary to a statute of this state."

The objection to such instruction is based upon the claim that it is an assumption that defendant's bus was stopped on the highway contrary to the statutes of this state, and as heretofore set forth in this opinion, such statement was properly included in such instruction, and was not beyond the issues and the evidence. The objection erroneously assumes that the instruction implies a mere stopping on the paved portion of the highway is itself a violation of the statute when the instruction specifically uses the language that there would be no passenger bus parked, stopped, or standing on the paved portion of the highway upon which they were proceeding, *contrary to a statute of this state.* There was no error in the giving of this instruction.

The appellant assigns as error in the giving of appellee's instruction No. 3 which reads as follows:

"The court instructs the jury that at the time of the accident in question there was a statute in this state prohibiting passenger busses and all other motor vehicles from stopping on the highway, which said statute is in the following words and figures to-wit:— (The provisions of the statute, Section 47-2120, *supra,* are set out.)

"You are further instructed that if you find from a fair preponderance of the evidence that the defendant, E. & O. V. Railway Company, violated the provisions of said statute by stopping upon the highway in question, then you would be warranted and it would be your duty to find that said defendant, E. & O. V. Railway Company, was negligent and if you should also find by a fair preponderance of the evidence that such negligence was the sole proximate cause of the accident and resulting death of plaintiff's deceased, Jake Woosley, without any contributory negligence on the part of the deceased or said William Hardison, then you would be warranted and it would be your duty to find for the plaintiff, Henrietta Woosley, ad-

ministratrix, and against the defendant, E. & O. V. Railway Company, on said issue."

Such instruction clearly sets forth the statute applicable to the evidence, and the issues in this case, and was clearly proper, and it was not error to give this instruction.

The appellant complains of the giving of appellee's instruction No. 5 on the grounds that such instruction directs the jury to find for the plaintiff on the issues of negligence notwithstanding conflicting evidence. A reasonable consideration of such instruction shows that appellant is in error in such objection, and the giving of such instruction was not erroneous.

The appellant assigns error in the refusing to give appellant's instruction No. 22 which reads as follows:

"A statute of this state, in full force and effect at the time of the collision alleged in plaintiff's complaint, provides:

" 'No vehicle shall be driven to the left side of the center of the roadway in overtaking and passing another vehicle proceeding in the same direction unless such left side is clearly visible and is free of oncoming traffic for a sufficient distance ahead to permit such overtaking and passing to be completely made without interfering with the safe operation of any vehicle approaching from the opposite direction or any vehicle overtaken.'

"Even if you find and believe from all of the evidence in the cause that the view of the driver of the automobile was obscured by a hill as such automobile approached defendant's bus from the rear, and even if you find and believe that a truck was approaching from the opposite direction at such time and place, nevertheless, it was negligence for the driver or operator of the automobile that collided with the defendant's bus to attempt to overtake and pass defendant's bus on the highway

if you find that the highway to the left of defendant's bus was not clearly visible and free of oncoming traffic for a sufficient distance ahead to permit such overtaking and passing to be completely made without interfering with the safe operation of defendant's bus, the vehicle overtaken."

There was no evidence, nor claim made, nor basis for the same, that the driver of the automobile in which plaintiff's decedent was riding was attempting to overtake or pass the bus. The evidence showed that he momentarily swerved to avoid striking the bus and it would have been error to have given this instruction.

The appellant asigns as error the refusal of the court to give its instruction No. 25. Such instruction was not applicable to the issues in view of the fact that the evidence did not show that the appellant was driving his car to the left side of the highway, but such swerving was done merely to avoid collision with appellant's bus.

Appellant claims that its refusal to give its instruction No. 29 was error which instruction raised the question of joint venture or enterprise on the part of plaintiff's decedent, and the driver of the car. The court in several instructions charged the jury that as a matter of law any negligence of the driver was imputed to decedent. The instruction adding the feature of joint venture could only serve as the basis of imputed negligence and, therefore, the appellant was not harmed by the failure of the court to give this instruction.

The appellant has assigned error in the overruling of its motion that the jury be taken to view the place and surroundings of the accident. The granting of such motion was within the discretion of the trial court. The accident happened in another

county, and it does not appear from the record that there was anything unusual about the circumstances, conditions, or surroundings at the scene of the accident which could not have been properly understood by the jury. Considering the evidence of the circumstances and the exhibits in this case, it does not appear that the court abused its discretion in refusing to grant such motion. *Chicago etc., R. Co.* v. *Loer* (1901), 27 Ind. App. 245, 60 N. E. 319; *Spickelmeir* v. *Hartman* (1920), 72 Ind. App. 207, 123 N. E. 232.

Appellant has assigned additional error based upon the alleged misconduct of the court, appellee, and her attorney. In connection with these assignments of error, it does not appear that the appellant made timely objection, or made any motion that the jury be asked to disregard such misconduct or that the submission of the cause be withdrawn, until after the jury's verdict. The complaint of such error was first made in appellant's motion for a new trial. By reason of appellant's failure to present the question properly in the court below, no question is presented for review in this appeal. 2 Gavit, *Indiana Pleading & Practice,* § 350c, p. 2119; *Vandalia Coal Co.* v. *Price* (1912), 178 Ind. 546, 97 N. E. 429; *Grubb* v. *State* (1889), 117 Ind. 277, 20 N. E. 257, 20 N. E. 725.

Error is also assigned in the sustaining of appellee's demurrer to appellant's complaint for a new trial for causes discovered after term. Such complaint was based on the alleged remarriage of decedent's widow. The remarriage of decedent's widow was not material to any of the issues of the cause and was not grounds for a new trial, and the court did not err in sustaining appellee's demurrer to this complaint. *Consolidated Stone Co.* v. *Morgan* (1903), 160 Ind. 241, 66 N. E. 696; *Wabash R. Co.* v. *Gretzinger* (1914), 182 Ind. 155, 104 N. E. 69.

It does not appear from a consideration of the evidence of the death of appellee's decedent that the verdict of $8,500 was excessive. For the reasons given herein, the court did not err in overruling appellant's request for a preemptory instruction to return a verdict in its favor at the close of appellee's evidence.

We have examined all of the assignments of error set forth in appellant's brief and find that no reversible error was committed by the trial court, and that a fair trial was had and a just result reached. Judgment affirmed.

NOTE.—Reported in 93 N. E. 2d 355.