JOHN DREIBELBIS *v.* DALLAS BENNETT.

[No. 3-873A114. Filed December 12, 1974.]

*Frederick H. Link, Thomas F. Lewis, Jr.,* of South Bend, for appellant.

*Donald R. Myers, William T. Means,* of Mishawaka, for appellee.

STATON, J.—Dallas Bennett received personal injuries while he was directing traffic at the scene of a property

damage accident. He received a jury verdict of $15,000.00 against John Dreibelbis who brings this appeal.

Dallas Bennett came upon two vehicles which had been involved in a property damage accident at U.S. 33 and Cedar Road in St. Joseph County. It was about 9:00 o'clock at night and drizzling rain. He stopped to see if anyone was injured and to render whatever assistance appeared necessary. One of the vehicles involved in the accident, a paneled truck driven by John Dreibelbis, was partially blocking the eastbound traffic lane on U.S. 33 while the second vehicle, a passenger car driven by Ted Titus, completely blocked the westbound traffic lane. John Dreibelbis, the driver of the paneled truck, left the scene to call the police without placing any warning flares on the road as required by IC 1971, 9-8-6-42 (Burns Code Ed.). There was enough room on U.S. 33 for one lane of traffic to pass between the two damaged vehicles. Bennett placed one flare in front of Dreibelbis's truck and a second flare approximately twenty feet west of the truck in the middle of the highway before he began directing traffic alternately from the east and west between the two damaged vehicles. An eastbound vehicle ran over and extinguished the flare west of the truck. When Bennett bent over to rekindle the extinguished flare, he was struck from the rear by a vehicle that had swerved to avoid Dreibelbis's truck.[1]

Bennett brought this action against Dreibelbis which is prefaced upon Dreibelbis's negligence in failing to place flares on the road after the accident as prescribed by IC 1971, 9-8-6-42 (Burns Code Ed.). Dreibelbis's Motion to Correct Errors sets forth these issues for our review:

1. Was Bennett acting as a volunteer when he was injured?
2. Was Bennett within the class of persons protected by IC 1971, 9-8-6-42?
3. Was Dreibelbis's violation of the statutory flare requirements the proximate cause of Bennett's injuries?

---

1. We note that in a prior action, Bennett recovered $15,000.00 from Claude Fedders, the driver of the vehicle that struck him.

4. Was Bennett guilty of contributory negligence as a matter of law?

From our review of these issues, we conclude that (1) Bennett was not a volunteer; (2) Bennett was within the class protected by IC 1971, 9-8-6-42, *supra;* (3) there was sufficient evidence presented for the jury to determine the factual question of proximate cause; and (4) Bennett was not contributorily negligent as a matter of law. We affirm the trial court's judgment rendered upon the jury's verdict.

## I.

## Volunteer

Dreibelbis contends that Bennett was a "volunteer" when he was injured by the Fedders' car. Admittedly, Bennett was under no legal duty to stop at the scene of the Dreibelbis-Titus accident and render his assistance. He was a volunteer in the ordinary sense of the word. However, Dreibelbis seeks to go beyond this common, lay volunteer concept. He seeks a legal volunteer concept which would limit his liability to acts of willful and wanton misconduct. To support this legal concept, Dreibelbis relies upon case law from Indiana and other jurisdictions which he contends have applied this more stringent standard of care. We find little to support Dreibelbis's position. Dreibelbis relies on Indiana authority which deals with the duty owed by occupiers of land to voluntary entrants. *See Thompson* v. *Owen* (1966), 141 Ind. App. 190, 218 N.E.2d 351; *Standard Oil Co. of Indiana, Inc.* v. *Scoville* (1961), 132 Ind. App. 521; 175 N.E.2d 711. Also, in *Daugherty* v. *Hunt* (1941), 110 Ind. App. 264, 38 N.E.2d 250, relied on by Dreibelbis, the Court applied a standard of ordinary care to the owner of an automobile with a known defect. Similarly, the case law relied upon by Dreibelbis from foreign jurisdictions is either limited to occupiers' liability or distinguishable on other grounds. See *Western Truck Lines* v. *DuVaull*

(1941), 57 Ariz. 199, 112 P.2d 589; *Hatcher* v. *Cantrell* (1933), 16 Tenn. App. 544, 65 S.W.2d 247; *McNair* v. *Boyette* (1972), 282 N.C. 230, 192 S.E.2d 457; *Cooper* v. *Teter* (1941), 123 W.Va. 372, 15 S.E.2d 152.[2] Neither these cases nor any other authority discovered in our research justifies the application of a lesser standard of care. The attempt to analogize must fail.[3] In a case very similar to the one before us, this Court saw no reason to distinguish the standard of care owed one who voluntarily goes to the aid of a disabled vehicle. *Walters* v. *Rowls* (1938), 105 Ind. App. 632, 16 N.E.2d 969.

## II.

### Class Protected

The sole allegation of negligence considered by the jury was Dreibelbis's violation of the statutory standard established by IC 1971, 9-8-6-42, *supra.* The failure to comply with the mandates of the statutory predecessor to IC 1971, 9-8-6-42, *supra,* has been held to be negligence per se in Indiana. *Winder & Son, Inc.* v. *Blaine* (1940), 218 Ind. 68, 29 N.E.2d 987; *Walters* v. *Rowls, supra.* A necessary prerequisite to a recovery based upon the violation of a statutory standard of care is proof that the plaintiff is within the class of persons intended to be protected by that statute. Dreibelbis contends that Bennett was not within

---

2. *Western Truck Lines* v. *DuVaull* (1941), 57 Ariz. 199, 112 P.2d 589 and *Hatcher* v. *Cantrell* (1933), 16 Tenn. App. 544, 65 S.W.2d 247, dealt solely with an occupier's liability to a voluntary entrant. In *McNair* v. *Boyette* (1972), 282 N.C. 230, 192 S.E.2d 457, the decision of the court turned upon a question of proximate causation, not the status of the plaintiff or the applicable standard of care. Finally, in *Cooper* v. *Teter* (1941), 123 W. Va. 372, 15 S.E.2d 152, the court specifically found that the defendant had not violated any statutory duty and that the plaintiff had assumed the risk. The defense of assumption of risk was not raised by Dreibelbis in the trial court.

3. Although inapplicable to the case before us, the Legislature has indicated that any change in a common law negligence standard of care to be made should favor the "volunteer." *See* the Indiana "Good Samaritan" Statute; IC 1971, 34-4-12-1 (Burns Code Ed.).

the class of persons intended to be protected by IC 1971, 9-8-6-42, *supra.* We disagree.

In *Walters* v. *Rowls, supra,* this Court in applying and interpreting the statutory predecessor to IC 1971, 9-8-6-42, *supra,* concluded that the class protected by it encompassed ". . . persons and property lawfully on the highway. . . ." 105 Ind. App. at 638, 16 N.E.2d at 972. Based upon the liberal interpretation accorded the statutory predecessor to IC 1971, 9-8-6-42 in *Walters* v. *Rowls, supra,* we conclude that Bennett was clearly within the class of persons intended to be protected by its provisions.

## III.

### Proximate Cause

Dreibelbis argues that any negligence attributable to him through a violation of IC 1971, 9-8-6-42, *supra,* was not the proximate cause of injuries suffered by Bennett. Rather, he contends that the resulting harm to Bennett was not a foreseeable consequence of his conduct.

We agree that the statutory violation had to be the proximate cause for Bennett to recover. *Surratt* v. *Petrol, Inc.* (1974), 160 Ind. App. 479, 312 N.E.2d 487; *Smith* v. *Chesapeake and Ohio Railroad Co.* (1974), 160 Ind. App. 256, 311 N.E.2d 462. However, proximate causation, like other elements of substantive negligence law, is generally a question of fact for the trier of fact. Only when the facts are undisputed and lead to one conclusion, which is contrary to that reached by the trier of fact, will this Court reverse. *Duvall* v. *Carsten-McDougall-Wingett, Inc.* (1973), 156 Ind. App. 553, 297 N.E.2d 861; *Woodrow* v. *Woodrow* (1961), 131 Ind. App. 523, 172 N.E.2d 883. When treated as a question of fact, we will examine the record for the limited purpose of finding sufficient evidence of probative value which supports a reasonable conclusion that the negligence charged proximately caused the injury for which damages are sought. In doing so, we may not weigh

the evidence and will look only to that evidence which supports the conclusion of the trier of fact. *Duvall* v. *Carsten-McDougall-Wingett, Inc., supra.*

The record discloses: A car-truck accident had occurred on a dark, rainy evening. The disabled vehicles blocked the major portion of an east-west artery in St. Joseph County. Dreibelbis was clearly negligent *per se* in failing to post the appropriate warning devices required by IC 1971, 9-8-6-42, *supra. Walters* v. *Rowls; Winder & Son, Inc.* v. *Blaine, supra.* Bennett voluntarily stopped at the scene of the accident to offer his assistance. He placed flares nearby to warn approaching traffic and directed traffic between the two damaged vehicles. While attempting to rekindle a flare extinguished by a passing motorist, he was struck and severely injured by a car that had swerved to avoid collision with the Dreibelbis truck. The testimony of a driver waiting in a line of traffic at the scene of the Dreibelbis-Titus accident indicates that the flares posted by Bennett were effective in warning traffic approaching from the east. Other testimony indicates that the flare placed to the west of the Dreibelbis truck had previously warned and halted eastbound traffic. No warning flare was visible to the driver following the Fedders' car as it approached the accident scene, swerved to avoid the truck, and collided with Bennett.

Dreibelbis posits that Bennett's injuries were an unforeseeable consequence of negligence which merely furnished a condition for the intervention of Fedders. Considering the factual and appellate posture of this case, we see no need for an exhaustive consideration of the semantics of proximate causation. One's negligence *may* furnish a mere condition for the incidence of another's negligence and allow the original actor to escape liability. *Schroer* v. *Funk & Sons, Inc.* (1968), 142 Ind. App. 223, 233 N.E.2d 680; *Slinkard* v. *Babb* (1953), 125 Ind. App. 76, 112 N.E.2d 876. If true, such negligence was not the active or efficient cause of the resulting injury. However, the

ultimate test of legal proximate causation is reasonable foreseeability. The assertion of an intervening, superseding cause fails to alter this test. *City of Indianapolis* v. *Falvey* (1973), 156 Ind. App. 366, 296 N.E.2d 896. For this Court to affirm a positive finding of proximate causation, we need only conclude that the evidence presented supports a reasonable conclusion that the original wrong was one of the proximate rather than remote causes. *Swanson* v. *Slagal* (1937), 212 Ind. 394, 8 N.E.2d 993; *Evansville & Ohio Valley Ry. Co.* v. *Woosley* (1950), 120 Ind. App. 570, 93 N.E.2d 355.

In a case closely analogous to the one before us, our Supreme Court affirmed a finding of proximate causation stemming from the negligent failure to post warning devices as required by the statutory predecessor to IC 1971, 9-8-6-42, *supra*. In *Winder & Son, Inc.* v. *Blaine, supra*, a car collided with an unlighted, disabled truck, careened across the road to collide with a parked vehicle and then struck a barricade which turned over upon the plaintiff. The Court concluded that even though the driver of the passenger car was himself negligent, the evidence was sufficient to support a verdict against the truck driver based upon his concurrent negligence. See also *City of Indianapolis* v. *Willis* (1935), 208 Ind. 607, 194 N.E. 343. Here, Dreibelbis's negligence need not have been the sole proximate cause of Bennett's injury. *City of Indianapolis* v. *Falvey, supra*. Based upon the facts before us, we are not compelled to conclude that those facts lead to but one conclusion which is contrary to that reached by the jury in finding that Drebelbis's negligence *per se* was the proximate cause of Bennett's injuries. The question of proximate causation was properly left to the trier of fact.

## IV.

### Contributory Negligence

As his final contention of error, Dreibelbis argues that Bennett was guilty of contributory negligence as a matter of law. We cannot agree.

In the trial court, the burden of proving contributory negligence lies with the defendant. Indiana Rules of Procedure, Trial Rule 8(C). We may reverse the jury's negative finding on this issue only where the facts point to a single, contrary conclusion or inference. *Baker* v. *Fisher* (1972), 153 Ind. App. 581, 288 N.E.2d 263; *Nugent* v. *Smith* (1972), 153 Ind. App. 484, 287 N.E.2d 899. More specifically, we must conclude from the facts before us that *no* reasonable man would have acted as Bennett did in relighting the flare near the disabled panel truck or that his actions were so clearly and palpably negligent that no verdict could make it otherwise. *Coleman* v. *DeMoss* (1969), 144 Ind. App. 408, 246 N.E.2d 483; *Stallings* v. *Dick* (1965), 139 Ind. App. 118, 210 N.E.2d 82.

Dreibelbis relies upon what might be termed the "equal knowledge" doctrine in support of his allegation of contributory negligence as a matter of law. Indiana precedent recognizing this theory has held that a plaintiff chargeable with knowledge of the dangers inherent in his conduct equal to or surpassing that of the alleged tortfeasor is guilty of contributory negligence as a matter of law. See *Hedgecock* v. *Orlosky* (1942), 220 Ind. 390, 395, 44 N.E.2d 93; *Stallings* v. *Dick, supra.*[4] In each of these cases, the plaintiff and defendant were both active participants in dangerous activities. Hedgecock and Dick had assumed positions of obvious precariousness in mounting the bumpers of motor vehicles while the vehicles were in motion; a factual situation quite distinguishable from the one before us. Comparative knowledge of participants in a hazardous activity is not at issue in this case. Nor can we say that under the normal considerations of contributory negligence, the actions of Dallas Bennett compel us to conclude that no reasonable man would have acted similarly.

---

4. The negligence doctrines of incurral of risk, sudden-emergency and rescue were not considered by the trier of fact and are not before us on this appeal.

Bennett had voluntarily stopped and rendered assistance at the scene of a car-truck collision on a major two-lane highway. When Dreibelbis failed to do so, Bennett posted warning flares to mark the scene of the disabled vehicles for oncoming traffic. The flares had been successful in halting traffic from both directions until a passing motorist extinguished one of them. As Bennett proceded to relight the flare on a dark, rainy night, the motorist at the head of the line of traffic from the east stayed in position to allow him to see his work. To take advantage of that light, Bennett had to face to the east with his back to the eastbound traffic. He had seen no oncoming traffic from the west and no one warned him of Fedders' approach. Viewing these facts, we cannot say as a matter of law that Bennett's conduct was so clearly and palpably negligent that no reasonable man would have acted similarly under similar circumstances.

Therefore, the judgment of the trial court should be and the same hereby is affirmed.

Hoffman, C.J. and Garrard, J., concur.

NOTE.—Reported at 319 N.E.2d 634.