**STATE of Indiana, and Indiana State Highway Commission, Appellants (Defendants Below),**

v.

**Carl MELLOY and Evelyn S. Melloy, Appellees (Plaintiffs Below).**

No. 1–879–A–214.

Court of Appeals of Indiana, First District.

Jan. 23, 1980.

Rehearing Denied Feb. 28, 1980.

Glenn A. Grampp, James D. Lopp, Sr., and James D. Lopp, Jr., Evansville, for appellees.

ROBERTSON, Presiding Judge.

This appeal is taken by the State and State Highway Commission (State) from an adverse judgment in a negligence suit brought by appellee-plaintiff Carl Melloy (Melloy) and his wife.

The facts briefly stated are that approximately two and one-half years prior to March 18, 1975, the State Highway Commission terminated the use of a bridge located in Evansville. This termination was accomplished by removing a span of the bridge at each end. To protect motorists from reaching the gap thus created, the Commission had erected a guardrail in the middle of the road approaching the bridge. A pile of sand and debris was placed behind the guardrail. Various signs labeled "road closed", "road ends 400 feet", "service road—no outlet" and "no outlet—dead end" were placed on either side of the road approaching the former bridge and on the guardrail.

On March 18, 1975, at approximately 5:30 a. m., Carl Melloy, in his light pick-up truck, struck the guardrail, went through it and down into the gap created by the removal of the span. Melloy was severely injured and he and his wife brought suit against the State. The main theory of negligence alleged against the State was failure to provide adequate signs, lighting and warning devices, failure to terminate the bridge in a fashion to prevent injury, and failure to maintain the area after knowledge of its dangerous nature.

The jury awarded a verdict of $60,000 for Melloy and $60,000 for his wife for loss of consortium and services.

The State alleges three errors on appeal. The first is that evidence was improperly admitted of previous accidents at the same site. The second issue is that an instruction was improperly given. The third error alleged by the State is that the verdict was contrary to law.

Theo. L. Sendak, Atty. Gen., Stephen J. Cuthbert, Deputy Atty. Gen., Indianapolis, for appellants.

■ The first issue presented by the State for our review is whether evidence of prior accidents was properly admitted. The State alleges that no proper foundation was made that the prior accidents were substantially similar to the one at trial. The controversial testimony was given by a tow truck operator, who said he had pulled another vehicle out of the "hole" eight months earlier. A patrolman testified, again over objection, that another accident had occurred at the spot just three days before Melloy's accident.

The negligence alleged in this case included the theories that the State created a dangerous condition in its manner of closing off the road and that the State knew, or should have known that it was dangerous. It is undoubted that evidence of "happening of prior occurrences of a similar character under the same circumstances as the one involved" may be used to prove the above theories. *Indianapolis & Cincinnati Traction Co. v. Montfort,* (1923) 80 Ind.App. 639, 641, 139 N.E. 677, 678 (place is dangerous); *Central Amusement Co. v. Van Nostran,* (1926) 85 Ind.App. 476, 154 N.E. 390 (on petition for rehearing); *New York Central Railroad Co. v. Sarich,* (1962) 133 Ind.App. 516, 537, 180 N.E.2d 388, 398 (to show notice of dangerous condition). The question remains as to whether Melloy's accident and the previous accident were substantially similar. The question is complicated by the fact that Melloy had no memory of the accident. Thus, testimony as to Melloy's speed, reactions and condition were not available to compare. Indeed, the prior accident testimony was heard after the site was described and various individuals who appeared on the scene soon after Melloy's accident testified. Testimony was heard concerning the previous accidents that the condition of the site itself, road conditions and the darkness at the time of the accidents were substantially similar.

We think that the admission of such evidence should be left to the discretion of the trial court. *In re Adoption of Dove,* (1977) Ind.App., 368 N.E.2d 6 (similar act to show certain act occurred). We find no abuse here since the most relevant element of the accident—the dangerous condition itself—was the same. Obviously a completely identical previous accident is not the only admissible one and we find no abuse of discretion in the trial court's determination that the prior accidents were shown to be similar enough to be relevant.

■ The second issue raised is the giving of an instruction which contained statutes regarding proper warning for "closed or impassable roads." [1] The statutes require a barrier, detour signs, and flashing red lights at night. *See Ind.Code* 8–11–6–1 *et seq.*

The only objection made concerning the instruction at trial, and which is also found in the motion to correct errors and the State's brief, is that the statutes apply only to temporary closings, not to permanent ones. The State contends that the statutes fairly read implicitly apply only to temporary closures. The State points to the language in IC 8–11–6–4, concerning removal of the barrier and lights, which implies to the State that the statutes apply only to temporary closing of highways. However, when we read the language of IC 8–11–6–1 we are not persuaded by the State's argument. The statue reads in part:

---

1. Melloy notes that the record contains the words, "Now after the giving of final instructions to the jury and at the conclusion of the evidence and after final arguments in this case, the Defendants would now object . . . ." Melloy thus contends that the objection to this instruction was given after the giving of the final instructions to the jury and while the jury was deliberating. However, we also note the record contains the statement that the defendant was given an opportunity to state specific objections before the final reading of the instructions to the jury (R. 306). Rather than resolve this controversy (and realizing the possibility that the word "final" may have been misinserted for the word "preliminary"), we will reach the merits of the State's objection as to the instruction that have been preserved on appeal.

*Whenever, for any reason, any public highway in this state should be closed or otherwise rendered impassable,* and when, by reason of such fact, the traffic is thereby obligated to make a detour around such closed or impassable highway, a barrier shall be erected . . ." [Emphasis added]

The facts in this case are that approximately 2½ years before the accident, the State decided to terminate the use of the deteriorating bridge and traffic was rerouted along a new road. The question before us is whether the statutes apply to this situation. No cases are found interpreting this question. We think a fair reading of the statute is that the legislature intended to insure extra protection for motorists when highways *"for any reason"* are closed and motorists are forced to take another route. We can think of no reason why the legislature would intend to limit such protection to temporary closures and not to permanent ones. The statute, then applies and there was no error here.[2]

■■ The third issue raised is whether the verdict was contrary to law because the evidence compels us to find that Melloy was contributorily negligent. At trial, the defendant carries the burden of proof on the issues of contributory negligence. Ind. Rules of Procedure, Trial Rule 8(C). Since there was a verdict for the plaintiff, the jury must have necessarily concluded that the State failed to carry its burden of this issue. On this issue then, the State is appealing a negative judgment and we will reverse only if the judgment is contrary to law. *Kroger Co. v. Haun,* (1978) Ind.App., 379 N.E.2d 1004, 1007. Contributory negligence is generally a question of fact for the jury, and the verdict will not be disturbed if the evidence is conflicting or if reasonable minds could draw different inferences from the evidence. *Kroger Co., supra. See also Dreibelbis v. Bennett,* (1974) 162 Ind.App. 414, 422, 319 N.E.2d 634, 638.

The State did present evidence that Melloy had been drinking the night of the accident, and this evidence was generally uncontested. What is missing from the State's proof, however, is substantial evidence that Melloy's intoxication, whatever the degree, was proximate cause of the accident. *Huey. v. Milligan,* (1961) 242 Ind. 93, 175 N.E.2d 698; *Kroger Co., supra.* A reasonable person could find a failure in the State's burden on this issue, and, thus, there was no error on this issue.

Judgment affirmed.

NEAL and RATLIFF, JJ., concur.

### ON PETITION FOR REHEARING

We have been informed that the judgment herein was $60,000.00 for *both* plaintiffs, not $60,000.00 each as stated in the opinion. With this correction, the petition for rehearing is denied. Neal, and Ratliff, JJ., concur.

---

**2.** The State attempts to raise new arguments covering the instruction in the motion to correct errors and briefs. We will, of course, not consider them.